COLLINS *v.* MISSISSIPPI STATE HIGHWAY COMMISSION

No. 40794 May 12, 1958 102 So. 2d 678

*Wm. Harold Odom, Paul G. Swartzfager,* Laurel for appellant.

*Deavours & Hilbun,* Laurel, for appellee, City of Laurel.

*Boyd & Holyfield, Welch, Gibbes & Graves,* Laurel, for appellee Mississippi State Highway Commission.

LEE, J.

F. B. Collins sued the City of Laurel and the Mississippi State Highway Commission to recover damages to his property which he claims that he will sustain on account of the relocation of U. S. Highway No. 11.

The plaintiff's property is described as Lot 6 of Block 2 of the Boulevard Addition to the City of Laurel. The plat, which was attached to the declaration, showed that the block is composed of twenty lots. Lots 1 to 11 inclusive, commencing from the north, front east and abut on Ellisville Boulevard, which is immediately west of and parallel to the New Orleans and N. E. Railroad. West of and adjacent to these lots is an alley, twenty feet wide, running north and south through the entire block. West of and adjacent to this alley are the remaining nine lots, numbered 12 to 20 inclusive, commencing from the south, and fronting on South Magnolia Street. All of the lots, except Lots 1 and 20, are of uniform width and depth, that is, seventy-five by one hundred and ninety feet.

The declaration charged that U. S. Highway No. 11 is to be relocated in such manner that it will cross the New Orleans and N. E. Railroad and the Ellisville Boule-

vard, enter Lot 4 of Block 2 near its northeast corner, cross that lot, the twenty-foot alley to its rear, and run thence across the lot beyond the alley (Lot 19) and intersect Jefferson Street; that the highway will span the above-named railroad and boulevard by means of a bridge twenty-seven feet above the surface; and that a dirt embankment approximately twenty-six and one-half feet high, will begin at the point where the highway enters Lot 4 and will continue the same course, as above-stated.

It was further alleged that the embankment will be from ten to twelve feet higher than the roof of plaintiff's residence, and, as a result thereof, it will shut off light, air, and the view from his residence; and that the closing of the alley will deprive him of the use of the north end thereof and will seriously damage his property by diminishing the value in the amount of $9,218.50.

It was also alleged that plans and specifications had been promulgated by the State Highway Commission, "and the contracts have already been let for the construction of said link in said highway and that construction work has already begun", and that the City of Laurel, acting in conjunction with the Commission, had passed an ordinance, authorizing such construction and closing of the alley in question. A copy of the contract whereby the City agreed with the Commission, among other things, to close the alley, was attached to the declaration.

The answer of the State Highway Commission admitted that the highway is to be relocated in accordance with the general course alleged in the declaration; that the bridge would be built, as charged, but denied that the embankment would be twenty-six and one-half feet high; that the City, by its ordinance, had authorized the construction of the highway along the course, as charged, but that only that part of the alley from the embankment north would be closed; and that contracts for construc-

tion had been let. By its demurrers, the Commission set up that no cause of action had been stated; that there was no allegation that plaintiff had been legally damaged; that mere depreciation did not state a cause of action; that there was no allegation that plaintiff had any rights in the property on which the dirt embankment was to be constructed; that it was not alleged that the plaintiff had been deprived of access to the alley; and that the declaration attempts to state separate and distinct causes of action against the two defendants, thus making a misjoinder of the alleged causes of action.

The answer of the City, while admitting that plaintiff owns a residence as described in the declaration, and that it adopted the ordinance in question, denied practically all other allegations. By its demurrer, it set up that no cause of action was stated against it; that separate and distinct causes of action were attempted to be set up against the two defendants, resulting in a misjoinder; and that no damages had been suffered, but the same were being anticipated, and, for that reason, that no cause action had accrued and the action was premature.

The court held that the demurrer was well taken as to that part of the declaration which seeks to recover damages for loss of light, air and view, on the ground that the plaintiff's property is neither adjacent to, nor abutting on, the proposed highway.

The court further held that the demurrer was not well taken as to that part of the declaration which seeks to recover damages for the closing of the alley.

The court then held that inasmuch as the plaintiff had joined his claim for damages for interference with light, air and view with his claim for damages resulting from the closure of one end of the alley, the declaration would of necessity require an amendment to conform to the ruling. The court therefore sustained this demurrer and granted leave to the plaintiff to amend. Subsequently

the plaintiff declined to amend his declaration. Thereupon the court dismissed the cause; and the plaintiff has appealed here.

In 18 Am. Jur., Eminent Domain, Section 183, p. 814, it is said: "Streets are established to afford light and air, as well as access, to the property through which they pass, and the right to access, light, and air is appurtenant to the property adjacent to the street, and is a part and parcel of it." In Section 184 at p. 815 thereof, it is said: "The right to the use and possession of a lot abutting on a public street is property. The right to light and air and access is equally property. Whenever the enjoyment by the abutter of some right in preference to his property is interfered with, and thereby the property itself is made intrinsically less valuable, he has suffered a damage for which he is entitled to compensation." In Section 185, at p. 816 thereof, it is said that "many cases have recognized the right to recover damages for interference with an abutting owner's easements of light, air, and view over a public highway."

In 29 C. J. S., Eminent Domain, Section 105, pp. 912-913, it is said: "The easement of light and air, and the easements of view and of access, possessed by an owner of land abutting on a street or highway, constitute property of which he cannot be deprived without compensation, whether for improvements in the highway or otherwise, although he does not own the fee of the street. This rule applies to the loss of such easements in connection with the residue of a tract a part of which is taken for public use. On the other hand, no compensation need be made for the obstruction of light, air, or view, or of access by improvements made by a railroad company on its own land, where there has been no property actually taken." In Section 122, at p. 935 thereof, it is pointed out that, in order to be entitled to compensation for such interference, "the property claimed to be injured must abut on the street or highway." And again at p. 936

thereof, it is said: "As affecting the abutting owner's right to compensation for use or obstruction of a street, the easements of light, air, and access extend to the full width of the street in front of the lot, but are appurtenant only to the buildings or apartments fronting on the street."

 It seems to be clear that the owner of property, in order to be entitled to damages for interference with light, air and view, must have a right in the nature of an easement in the street where such interference occurs. The embankment here in question is to be constructed not on a street on which the plaintiff's property abuts, but on property not now in existence as a street, but which the State Highway Commission has presumably acquired, and which it intends to utilize as the right-of-way on which to construct the highway. Consequently the trial court properly held that the demurrer was well taken in this respect.

Section 3374-127, Code of 1942 Recompiled, provides as follows: "The governing authorities of municipalities shall have the power to close and vacate any street or alley, or any portion thereof. But no street or alley or any portion thereof shall be closed or vacated except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby."

In City of Laurel v. Rowell, 84 Miss. 435, 36 So. 543, the City, by ordinance, ordered Post Street to be vacated and closed without first having made due compensation to the abutting owners. The owner of the land on the north side thereupon built a fence across the street at each end and erected some buildings therein. The owners of the land on the south side brought their suit to require the removal of the obstructions, the reopening of the street, and to prevent further meddling with their rights. The trial court granted the prayer of their peti-

tion for an injunction. This Court, in holding that the chancellor was right in refusing to dissolve the injunction said: "When people build on the side of, and with reference to, a public street, they acquire an easement in its free user by them and the public and in the resultant value of such user. This is property, and cannot be taken from them or damaged by closing the street, except upon compensation first paid. The closing of the street is a taking of the easement for the public use in the purview of our constitution. * * * They (the streets and alleys) should never be closed except when plainly for the public good, and cannot then be closed except upon compensation first paid for any damage to abutting proprietors."

In Town of Clinton v. Turner, 95 Miss. 594, 52 So. 261, Mattie Turner, for many years, owned land abutting on the east and west side of Neal Avenue or Jefferson Street extended, which was one continuous street. The mayor and board of aldermen of the town, without having first made due compensation to Mattie, undertook to close the street and allowed the railroad company to erect its new depot therein, thereby leaving Mattie in a lane closed up near her houses, and making it necessary for her to travel a circuitous route. By her bill of complaint, Mattie sought to have the ordinance declared null and void, to compel the removal of the depot, and for other relief. The demurrer of the appellant was overruled, and an appeal was prosecuted by them to settle the principles of the case. The opinion held that Mattie was an abutting owner within the meaning of Section 3336, Code of 1906, now Section 3374-127, supra, with all of the rights as such, and said that: "The last clause of this section was put into the Code of 1906 for the first time, and it could have had but one purpose, and that was to more completely protect the citizen in his property rights from incidental damage done him by closing streets, or any portion thereof, by the varying whims of those put in charge of the

municipal affairs. The law recognizes that abutting property owners' rights in streets is a property right, and, like all other property rights, it guards and protects it.'' Furthermore, the opinion said: ''The jurisdiction given to the municipalities to close and vacate streets, or any portion thereof, is coupled with the condition that they shall *first* make due compensation to abutting property owners. When they act without doing this, they act without authority, and their action is no more forceful than if done by a wholly unauthorized person or body of persons. Municipalities act under limited powers, and must find their authority clearly given in the law, and when so found they must follow the law. The town of Clinton, through its authorities, could not close this street, except in the manner and upon conditions prescribed by law; and, being so restricted themselves, they could give no authority to the railroad to place its depot in this street. This being the case, the street is unlawfully closed, and the depot is in the street wrongfully.''

In Poythress v. M. & O. R. R. Company, 92 Miss. 638, 46 So. 139, the appellant was denied a recovery for the reason that he was not entitled to have compensation first made to him as an abutting landowner before closing the street, within the meaning of the statute, ''as he owns no property abutting the closed portion.''

In City of Jackson v. Welch, 136 Miss. 223, 101 So. 361, Short Street, which ran north and south between Capitol and Pearl Streets, was closed. The Morrisons owned property which abutted on the south side of Pearl Street, opposite the point where this street was intersected by Short Street. There it was held that they had no complaint because they did not abut on that portion of the street which was closed. Obviously their property did not abut on Short Street at all unless it might be said that this street extended across Pearl Street to their property.

In Town of Wesson v. Swinney, 144 Miss. 867, 110 So. 669, a recovery by the appellee of, damages to his property on account of the closing of a street was denied for the reason that the closed street entered a street on which Swinney's property abutted one hundred feet northeast of the northeast corner of his lot. Consequently his property did not abut on the closed street. So the opinion said: "We hold, therefore, that it is only the landowner whose property abuts on the closed street who may recover damages to his property for the closing of such street."

■■■ Under the statute and the decisions, it is clear that the City has no power to close any portion of the alley in question "except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby." The plaintiff is an abutting landowner thereon, and he has not been compensated for such damages as he may sustain.

While it is true that the declaration stated that "The contracts have already been let for the construction of said link in said highway and that construction work has already begun", the declaration did not charge that, at the time of the filing of the suit, the alley had been closed. If the City closes the alley without complying with the statute, obviously the closing will be unlawful; and consequently both it and the State Highway Commission, if construction is proceeded with, will commit an unauthorized act. Town of Clinton v. Turner, supra. Since the law is so clear and well settled, it must be presumed that the City will not utterly disregard the law and close the alley until it has first made due compensation to the plaintiff, as well as to other abutting landowners.

■■■ This is not an injunction suit. It is a suit for damages in anticipation that the City will close the alley in violation of the statute, and that the State Highway Commission will enter upon the alley and obstruct it by

the dirt embankment. No damages have yet resulted. The action was premature.

■■ In addition to what has already been said, the claim for loss of light, air and view, was against the State Highway Commission, as the plat showed that the proposed embankment would not be on a City street. With the alley closed, in violation of the statute, and the construction consummated, the participating defendants would be jointly liable. Thus two separate causes of action were attempted to be stated.

■■ The Court is not faced with what determination would be made of this matter if the plaintiff had amended his declaration, as the court granted leave to do, and which he refused to do. Under the state of the pleadings, the trial court seems to have had no other alternative than to dismiss the action.

Consequently it follows that the judgment of the trial court must be affirmed, but without prejudice to the plaintiff to file another action if there shall hereafter be a closing of the alley in violation of the statute.

Affirmed.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.