MISSISSIPPI STATE HIGHWAY COMMISSION *v.* JONES et al.

No. 42000          November 6, 1961          134 So. 2d 155

*A. B. Amis, Jr., D. M. Anderson,* Newton, for appellant.

*Snow, Covington & Shows,* Meridian, for appellees.

Lee, P. J.

The Mississippi State Highway Commission sought to condemn a right of way for interstate highway No. 20 across the lands of H. T. Jones and wife. The eminent domain court, with a view by the jury before construction, fixed the damages at $9,500. On appeal by the Commission, the circuit court jury, after a view during construction, awarded $11,000. From the judgment entered, the Commission appealed.

The Joneses purchased this tract of land in 1951. It is situated about two miles from the Town of Chunky in Newton County. It consisted of 120 acres, or three full forties, being three-fourths of a mile east and west and one-fourth of a mile north and south. The county road crossed the west forty from north to south, leaving about thirty-four acres to the west. On that area, facing the county road, most of the improvements were located. These included the six-room home, equipped with electric lights, telephone, hot and cold water, and other conveniences, together with the barn and attendant facilities. The property was used principally for hog and cattle raising and had some growing timber. It was well fenced. Some of the land had been specially improved for pasture purposes; and Jones testified that he had pastured from forty to one hundred head of cattle at the time.

The right of way, entering the tract at the northwest corner, where it is 435.3 feet wide, extends in a southeasterly direction through the entire tract. Its exit on the east is 415.4 feet in width. At one point, near the middle, it is approximately 506 feet wide. The county road is being shifted a short distance east and converted into an overpass. The embankment, for that purpose,

will be about eight feet high as it touches this land on the north side. The elevation will continue until it reaches a height of twenty-one feet. When it passes over the right of way, it will descend for a distance of about 750 feet until it reaches the surface level. The overall result will be to cut the tract into four different parcels. North of the right of way and west of the overpass, .7 of an acre will remain; north and east thereof, approximately 20 acres will be left; south and west thereof, only about 20 acres will remain; and south and east thereof, about 34 acres will be left. A total of 45.55 acres will be taken, leaving only about 75 acres of the tract.

Access to the two parcels north of the right of way will be difficult. The view from the homesite will be considerably obstructed. Two springs and a stock and fish pond, about 100 feet in diameter, are being destroyed. A small amount of timber was also felled.

Two experienced appraisers for the Commission, R. C. Busse and E. W. Trussell, estimated the value before taking at $17,400 and $14,000, respectively, and after taking at $9,140 and $8,000, respectively, or a consequent damage of $8,260 and $6,000, respectively. Busse verified one sale of 87 acres, about three and one-half miles to the west, at $130 per acre. But it was his opinion that the Jones' land was worth only $100 per acre.

Frank McDonald, an experienced and professional appraiser for the defendants, estimated the before value at $25,800 and the after value at $13,290, with a resulting damage of $12,510. Four neighbors, familiar with the land, estimated the damage at $15,000 to $16,000. Henry T. Jones appraised such damage at $17,500 to $18,000.

This is an unusual case from the standpoint of damages to a tract of 120 acres. The percentage thereof taken, with the consequent reduction in productivity as a farm unit; the severances, with the destruction of uniformity and the impairment of accessibility; and the

effect upon the homesite and its lessened desirability—such a situation has rarely occurred.

All of the resulting damages to the property must be taken into consideration. It must be remembered that the juries, in both courts, viewed the property, and that the circuit court jury had the opportunity to see, with their own eyes, what was actually happening to this tract of land.

Gross excessiveness of the verdict is the only alleged error which has been argued on this appeal.

██ █ The case was well tried. This Court is not in position, from this record, to say that the verdict was excessive—it certainly cannot adjudge that the same was grossly excessive or that it evinced passion or prejudice. Cf. Miss. State Highway Commission v. Baker, No. 41,935, decided by this Court on October 2, 1961, not yet reported.

Affirmed.

*Arrington, McElroy, Rodgers,* and *Jones, JJ.,* concur.