MISS. STATE HIGHWAY COMMISSION *v.* FLEMING, et ux.

No. 42059          January 2, 1962          135 So. 2d 821

*Boyd & Holifield, Welch, Gibbes* and *Graves*, Laurel,
for appellant.

404

*Grover C. Doggette, George D. Maxey,* Laurel, for appellee.

GILLESPIE, J.

Appellees filed suit in circuit court against Mississippi State Highway Commission for damages alleged to have resulted from the closing of a street on which appellees' property abuts. The jury returned a verdict for $4,130, and judgment was entered accordingly.

■■ ■ Appellees own a home located on the east side of 14th Avenue in the City of Laurel, Mississippi. In connection with the construction of a new highway the appellant closed that portion of 14th Avenue north of

appellees' property. The closed portion of 14th Avenue corners with the northwest corner of appellees' lot, and thus appellees are abutting property owners on the vacated street. The effect of closing said portion of 14th Avenue was to make same a dead-end street. Before the closing, appellees had access to the street system by going either north or south from their property. After the closing, they had access only by going south about 476 feet to an intersection, and from this intersection streets run south, east and west, connecting to the general street system.

The proof of damages on behalf of appellees consisted of the testimony of appellee R. H. Fleming. Mr. Fleming was not shown to have had any experience in appraising real property. He testified that his property was joined on the north by the highway right-of-way, and that before the street was closed he could travel north from his property, and, of course, could not travel north after the street was closed. His lot is 100 feet wide and 191 feet deep. He paid $6,700 for the property in 1952, but has made considerable improvements since it was purchased. He testified that his property is basically the same as it was before the street was closed. He stated that he had observed some sales of real estate in the vicinity since he had been living there, but he did not state anything further about such sales. He stated that he was familiar with the market value of property in that vicinity, and that, in his opinion, the fair market value of his property before the street was closed was at least $12,500, and after the street was closed, the fair market value of his property was $8,000. There was no proof of any damage to appellees' property except that it resulted in making the avenue which it faced a dead-end street.

Appellant introduced Clarence Boone who is engaged in the real estate business in Laurel and who qualified as an expert appraiser. He was familiar with the prop-

erty before and after the closing of 14th Avenue. He testified that he checked four sales of comparable property on the same street, some of which were before and some after the Avenue was closed. He testified that he considered, in making his appraisals before and after the closing of the street, the market value based on sales of comparable property, cost less depreciation, and from the standpoint of income if rented. His opinion was that before the street was closed the fair market value of appellees' property was $10,000, and the property after the closing had the same market value. In his opinion, the closing of 14th Avenue north of appellees' property did not depreciate its market value. He further testified that ''some of the best residences here in town are on dead-end streets. A lot of people prefer dead-end streets to live on, not everybody.''

██ ██ Appellant contends the damages are so excessive as to shock the conscience. The appellees' lot corners with the closed portion of the street. It touches such closed portion of the street, and, therefore, appellees are abutting landowners. As such they are entitled to damages for the closing of the street, but they cannot recover for any inconvenience or other damages unless they have sustained special damages differing in kind, and not merely in degree, from those sustained by the public generally. Puyper v. Pure Oil Company, et al., 215 Miss. 121, 60 So. 2d 569.

██ ██ The burden was upon the appellees to establish the amount of damages. Appellee Fleming's testimony that his property would be depreciated by more than a third of its value by reason of the closing of 14th Avenue appears from this record to be merely an arbitrary figure. He was one of the owners and as such was entitled to testify as to values, but he is neither a qualified expert nor did he give any rational basis for his opinion that his property was depreciated by more than a third. The testimony of Boone, while not binding on

the jury, was based on experience and factors bearing upon the market values before and after.

After a careful review of the record, we are of the opinion that the verdict is so excessive as to shock the enlightened conscience. Appellees were entitled to something more than mere nominal damages, but the evidence is wholly lacking to sustain this verdict. Appellees have not cited but one authority in their brief, the case of Collins v. Mississippi State Highway Commission, et al., 233 Miss. 474, 102 So. 2d 678. That case does not deal with the question of the amount of damages in a case of this kind.

Appellant also contends that the lower court erred in not granting appellant an instruction limiting appellees' damages to nominal damages only. We have already indicated that in our opinion appellees were entitled to something' more than nominal damages.

We have been cited no case where an abutting property owner is limited to mere nominal damages. In the present case, no damages have been shown except depreciation in market value, and, as already indicated, evidence in that regard is very slight. We do not think the Court should say as a matter of law that there has not been some depreciation in the value of appellees' property, even though slight in relation to the total value.

We have considered the other assignments of error, none of which in our opinion justify discussion.

*Lee, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.