MISSISSIPPI STATE HIGHWAY COMMISSION, DEFENDANT-
APPELLANT *v.* RHYMES, PLAINTIFF-APPELLEE

No. 42879 February 10, 1964 160 So. 2d 197

*Pack & Ratcliff,* Laurel, for appellant.

470

*F. Burkitt Collins,* Laurel, for appellee.

PATTERSON, J.

T. C. Rhymes, owner of Lot 8 of Block 11, Boulevard Addition to the City of Laurel, Mississippi, brought suit against the Mississippi State Highway Commission for damages alleged to have been sustained by him as the result of the closing of an alley by the Highway

Commission, he being at that time an abutting owner to the alley, though not adjacent to the closing obstruction. Judgment was entered in the lower court in the sum of $2500 in favor of the abutting owner. From this judgment, defendant appeals.

Appellant's major assignments of error are: (1) The lower court erred in granting a peremptory instruction for plaintiff; (2) the lower court erred in instructing the jury that appellant had no right to close the alley without first compensating appellee; (3) the court erred in overruling appellant's objection to evidence of damages from flooding on the ground of variance, and (4) appellant's motion for a new trial should have been sustained because the jury verdict is so excessive it evinces bias and prejudice and is wholly unsupported by the evidence. These assignments of error must be considered in the light of evidentiary facts established at the trial.

These facts reflect that in 1957 appellee was the owner of Lot 8 in Block 11 of the Boulevard Addition to the City of Laurel, Mississippi. This lot abuts Beacon Street on the west for a distance of 75 feet; Royal Street on the south for a distance of 167 feet; an alley on the east for a distance of 75 feet, and Lot 9 of the same block to the north. Appellee's home, fronting on Beacon Street, was located on this lot, as was his garage which faced Royal Street and had entrance therefrom. In 1957 the appellant closed the alley, which Lot 8 abuts on its eastern extremity, by the erection of an embankment 375 feet northward of the northeast corner of such lot. The south end of the alley intersects Royal Street and is open for use now as it was prior to the obstruction to the north. Both Beacon and Royal Streets are paved thoroughfares giving access to all parts of the city. Lots 9, 10, 11 and 12 lie north of Lot 8 and between it and the obstructing embankment. They also abut the alley.

Appellee's testimony establishes beyond cavil that he had access to and from his property after the closing of the alley to the north just as he had prior thereto, his only damage or inconvenience being that he could not now enter the alley from the north and that his garbage was picked up on Royal Street rather than from the alley. There was no testimony whatever that appellant used the alley as an access-way to his property. Indeed, he testifies his former use of the alley was to haul in material for his flowers by crossing a bridge of his over the ditch between the traveled portion of the alley and his yard, but that he can no longer do so because the bridge is gone (at whose hands is not indicated), and because he had built an extension onto his garage so he no longer has room to get into his yard from the alley.

The facts further show that appellant's home was of frame construction, with wood siding, built on brick piers, with a brick curtain wall on the rear. Its outside measurements were approximately 28 by 40 feet. It contained two bedrooms, a dining room, living room, kitchen, bath and front and rear porches. The house was initially constructed prior to 1925, with one room and a garage added thereafter, the later being 12 feet wide and 32 feet in length. Appellant and his wife resided in this home. He was permitted to testify over objection by appellee that his property was damaged by water as the result of the embankment closing the alley and thereby changing the direction of drainage; that a normal rain would put eight or nine inches of water in his yard, which on occasion would remain for several days; that he and his wife then were forced to wade from their home to the street or vice versa as the result of this flooding.

Appellant's objection was based upon the theory of a variance in the declaration and the evidence offered by plaintiff pertaining to the drainage or water con-

dition following the obstruction of the alley. Timely motions were also made to exclude this evidence, which were refused.

Appellee testified that in his opinion this property was worth approximately $30,000 prior to the erection of this embankment; that thereafter it was worth only $24,000 or $25,000; that this was merely his opinion as he had no knowledge of any property in this area selling for that price during the period 1957.

Appellant's first assignment of error is that the lower court erred in granting plaintiff a peremptory instruction. With this we cannot agree. This Court has held that an abutting owner to a street or alley has a property right therein which is compensable upon that right being obstructed. Miss. State Highway Commission v. Fleming, 157 So. 2d 792; Collins v. Miss. State Highway Commission, 233 Miss. 474, 102 So. 2d 678. Mississippi Code 1942, Rec., Sec. 3374-127, provides as follows:

"The governing authorities of municipalities shall have the power to close and vacate any street or alley, or any portion thereof. But no street or alley or any portion thereof shall be closed or vacated except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby."

 █ Appellee as an abutting owner to the alley was lawfully entitled to recover damages, however nominal, for the closing thereof since it interfered with his property right. The peremptory instruction for the plaintiff was therefore proper.

Appellant's second assignment of error that the lower court erred in instructing the jury that appellant had no right to close the alley without first compensating appellee is disposed of by the preceding paragraph.

The third assignment of error that the lower court erred in overruling appellant's objections to evidence of damages from flooding on the ground of variance in the declaration and the proof offered is well taken. The declaration was based on allegations for the recovery of damages by reason of the destruction of the usefulness of the alley. Not one word or allegation was contained in such declaration to the effect that he sought recovery by way of the depreciation of his property as a result of improper drainage. Sec. 1512, Miss. Code 1942, Rec., indicates clearly that a variance between an allegation in the pleadings and the proof shall not be deemed material unless it shall actually mislead the adverse party to his prejudice in maintaining his action or defense upon the merits. Damages for loss of the use of an alley by an obstruction thereof are without question separate and distinct from damages as the result of improper drainage upon a lot, and materially so. It is fundamental that a defendant could only defend his suit, or prepare for its defense, upon that charged in the declaration. To hold otherwise would deprive him of his basic right contrary to the laws of this State.

This fundamental right cannot be waived away by the contention of appellee that the defendant could have filed a motion for a bill of particulars, it being obvious that a bill of particulars could have been addressed to that only which was alleged in the declaration. It is the opinion of this Court that the allowance of the evidence of water damage, the same not being alleged in the declaration, was material error to the prejudice of defendant.

Appellant's fourth assignment of error relating to its motion for a new trial because the jury verdict was so excessive that it evinces bias or prejudice and is wholly unsupported by the evidence is not well taken for the reason that the jury was permitted to consider

under instructions of the court the above mentioned water damage. A verdict of $2500 is excessive as to the loss of access-way to the alley. This Court cannot say that it is excessive under the evidence permitted in the trial of the case for in addition to the loss of the access-way there was, or could have been, damages as a result of flooding. Their verdict was rendered upon evidence which was erroneously permitted to be introduced for their consideration.

 ██ It is the opinion of the Court that this cause should be remanded for a new trial, but that the same be restricted to nominal damages only for the closing of the alley, and that it be reversed without prejudice to the plaintiff's right to proceed for damages resulting from improper drainage, if any there be, as a result of the construction of the obstructing embankment, upon proper amended pleadings and competent evidence had thereunder.

Reversed and remanded with instructions.

*Kyle, P. J., and Ethridge, Gillespie and Rodgers, JJ.,* concur.

## ON MOTION TO RETAX COSTS

PATTERSON, J.

This is a motion by the appellee, T. C. Rhymes, to retax the costs incurred by reason of the appeal in this case. Under the authority of Mississippi State Highway Commission v. John Jacobs, No. 42,880, decided by the Court on this date, the motion to retax costs is hereby overruled.

Motion to retax costs overruled.

KYLE, *P. J., and Ethridge, Gillespie and Rodgers, JJ.,* concur.