Mississippi State Highway Commission *v.* Jacobs

No. 42880 February 10, 1964 160 So. 2d 201

*Pack & Ratcliff,* Laurel, for appellant.

*F. Burkitt Collins,* Laurel, for appellee.

Lee, C. J.

John Jacobs brought suit against Mississippi State Highway Commission to recover damages resulting from the relocation of U. S. Highway No. 11. The declaration alleged, in effect, that the acts of the defendant, which caused the damage, were: (1) Building a fence and earthen embankment, closing the north outlet of the alley on which his property abutted; (2) the descent of dust in and upon his buildings in the process of erecting the earthen embankment; (3) the violent jarring of the foundation and walls of buildings in the process of driving piling for the overhead bridge on the right of way; and (4) the destruction of the peace and privacy of his home from light.

Issue was joined. The jury found a verdict for the plaintiff and fixed his damages at the sum of $2,000.00. From the judgment entered, the Commission appealed; and the plaintiff prosecutes a cross-appeal on the ground that the amount of the verdict is inadequate.

The appellant has assigned as error and argued that the plaintiff's requested peremptory instruction was erroneously given, and that the admission of evidence for the plaintiff on the question of damage from diversion

in drainage and flooding was reversible error. It is not necessary to respond to the others.

Block 11 of the Boulevard Addition to the City of Laurel is bounded by streets denominated Jefferson on the north, Royal on the south, Magnolia on the east and Beacon on the west. Running through the block north and south and near the center is an 18-foot alley. There are five lots west of the alley and seven to the east, fronting on Beacon and Magnolia streets, respectively. In this block, John Jacobs owned Lot 10, being 75 feet wide and 167 feet deep and abutting on both the alley and Beacon Street. He had resided in his home on this place since 1936. It was a wood frame building with brick pillars and a composition roof. It consisted of a living room, dining room, three bedrooms, kitchen and one bathroom. It had wood siding, with rear and front screen porches, measuring 5 x 5½ and 8 x 14½ feet, respectively. The open side porch measured 11 feet. In addition, there was a garage apartment with gravel floor in the parking area, behind which was a storage room with concrete floor, for the entire width of the building. The second story contained a two-bedroom apartment, with kitchen, bath and one closet. The building was 20 x 26 feet.

During the year 1957 the Mississippi State Highway Commission began the relocation of U. S. Highway No. 11. The new road proceeded in the general location of Jefferson Street in the City of Laurel. It built a fence and an earthen embankment across the north end of the alley through Block 11, thereby closing the north outlet to the alley.

Without detailing the evidence for the plaintiff, it is sufficient to say that it tended to show that the damage, insofar as the mere loss of access to or agress from the alley to the north is concerned, was slight. The evidence concerning the lights on the highway was that they were focused so that they glared into his home. It was about

165 to 170 feet from the appellee's property to the place where the piling was driven, and the evidence was in sharp conflict as to whether this work for a limited period would produce any damage at all. There was evidence as to damage from the descent of dust into and upon the houses as the dirt was being formed into an embankment. The plaintiff and another witness testified that the before and after values of the property were $20,000.00 and $10,000.00, respectively. An experienced carpenter estimated the reasonable cost of repairs in excess of $4,000.00. A real estate broker, testifying for the defendant, was of the opinion that no damage was caused from the project and attributed the condition of the buildings to natural depreciation.

Although the plaintiff, in his declaration, made no allegation of a claim for damage on account of the diversion of water along the alley, yet, in the course of the trial, he offered, over the objection of the defendant, evidence that surface water, prior to the relocation project, from about 50 feet north of his lot, flowed to the north; that, when the fence and embankment were built, the defendant forced the water to flow southward; that the outlets were not enlarged; that water overflowed from the alley and inundated his premises; that water would stand under his houses for several days at the time on that account; and that the foundations were undermined, resulting in substantial damage. In other words, the credible evidence in this record indicates that a large part of such damage which the plaintiff testified that he sustained as a proximate result of the construction was due to diversion in the drainage. And yet, that element formed no part of the demand in the declaration for damages.

Section 17 of the Constitution provides in part as follows:

"Private property shall not be taken or damaged for public use, except on due compensation being first made

to the owner or owners thereof, in a manner to be prescribed by law; * * *."

Section 3374-127, Code of 1942, provides as follows:

"The governing authorities of municipalities shall have the power to close and vacate any street or alley, or any portion thereof. But no street or alley or any portion thereof shall be closed or vacated except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby."

It was stipulated that no arrangement for the payment of compensation was made prior to the public construction in question.

██ █ The mere closing of the alley, as occurred in this instance, entitled the plaintiff to recover something therefor, even though the loss of ingress to and egress from the north end was of small value. ██ █ Property includes every species of valuable right and interest; ██ █ and if no value is shown, the inference is that it is nominal. See the following cases: Illinois Central Railroad Co. v. State, 94 Miss. 759, 48 So. 561. See also City of Laurel v. Rowell, 84 Miss. 435, 36 So. 543; Town of Clinton v. Turner 95 Miss. 594, 52 So. 261; Morris v. Covington County, 118 Miss. 875, 80 So. 337; Jackson v. Monroe County, 124 Miss. 264, 86 So. 769; City of Jackson v. Welch, 136 Miss. 223, 101 So. 361; City of Jackson v. Wright, 151 Miss. 829, 119 So. 315; Hamilton v. Mississippi State Highway Commission, 220 Miss. 340, 70 So. 2d 856; Collins v. Mississippi State Highway Commission, 233 Miss. 474, 102 So. 2d 678; Muse v. Mississippi State Highway Commission, 233 Miss. 694, 103 So. 2d 839; Mississippi State Highway Commission v. Fleming, 242 Miss. 402, 135 So. 2d 821.

██ █ Consequently the peremptory instruction was properly given. But the proof must conform to the allegations of the declaration. A litigant must not be permitted to base his claim on one theory, and then

introduce evidence and recover a verdict, based, in large measure, on an entirely different one. ██ The introduction of evidence concerning damage to the property on account of the diversion in the drainage, in the then state of the pleadings, was highly improper and prejudicial, so much so in fact, that the court cannot say that the jury was not influenced thereby, or that a large part of the verdict was not based on a claim for which no demand was made.

For the error in the admission of this evidence, the cause is reversed and remanded for a new trial.

Reversed and remanded.

*Ethridge, McElroy, Rodgers and Brady, JJ.*, concur.

## ON APPELLEE'S MOTION TO RETAX COSTS

LEE, C. J.:

This is a motion by the appellee John Jacobs, in the above styled cause, to retax the costs incurred by reason of the appeal in this case. The appellee cites State Highway Commission v. Mason, 192 Miss. 576, 4 So. 2d 345.

In the Mason case, supra, the Court held that, on affirmance by this Court of a judgment in an eminent domain proceeding, whether it arose from the taking or the damaging, of property, the appellee landowner is entitled to recover costs, interest at the rate of six percent per annum from the date of the original entry in the eminent domain court, and damages in the amount of five percent on the amount of the judgment.

In Miss. State Highway Commission v. Herring, 241 Miss. 729, 133 So. 2d 279, 895, the Court held that, where, in an eminent domain proceeding, the judgment is affirmed, conditioned upon the entry of a remittitur, thus making the judgment of affirmance for a lesser amount than that appealed from, the landowner is entitled to recover costs and interest at six percent per annum from the date of the original eminent domain judgment, but

damage thereon is not allowable. See also State Highway Commission v. Slade, 241 Miss. 721, 133 So. 2d 282, 896.

On the present appeal, no final judgment has been entered. The cause was reversed and remanded for a new trial solely because the appellee induced the trial court to commit the fatal error by reason of introducing evidence, properly objected to, in respect to alleged damages not demanded in the declaration. The error was his own making, and the motion to retax must be overruled.

Motion to retax costs overruled.

*Ethridge, McElroy, Rodgers and Brady, JJ.,* concur.