MISSISSIPPI STATE HIGHWAY COMMISSION *v.* RHYMES

No. 43580 June 14, 1965 176 So. 2d 326

578

*Pack & Ratcliff,* Laurel, for appellant.

*F. Burkett Collins, Paul G. Swartzfager,* Laurel, for appellee.

Gillespie, J.

Appellee, T. C. Rhymes, filed suit against the Mississippi State Highway Commission, appellant, for dam-

ages sustained by appellee as the result of the closing of an alley. From a judgment in a former trial awarding appellee damages, the Mississippi State Highway Commission appealed and this Court reversed because of a variance between the pleadings and the proof as to the items of damage. Miss. State Highway Commission v. Rhymes, 248 Miss. 468, 160 So. 2d 197 (1964). In that case the Court held that appellee was entitled to only nominal damages for the loss of access due to the closing of the alley and remanded the case without prejudice to the plaintiff's right to properly proceed for damages resulting from improper drainage. After remand, the declaration was amended so as to charge that after the construction of the embankment of the new highway and the relocation of nearby streets the drainage was changed so that appellee's property flooded every time there was a big rain. Upon the new trial, the jury returned a verdict in favor of appellee for the sum of $4,000, and Mississippi State Highway Commission again appeals to this Court.

Of the several errors assigned by appellant, we are of the opinion that none justifies a reversal of this case save the third assignment of error, which is, that the trial court erred in overruling appellant's motion for a new trial because the verdict was grossly excessive and evinced bias and prejudice on the part of the jury. We hold that this assignment is well taken.

The testimony showed that appellee's lot is situated about 375 feet from the embankment of the new highway constructed by appellant. Appellee's lot is 75 feet wide facing Beacon Street on the west and 167 feet long abutting Royal Street on the South, with the alley running along the rear of the lot. This alley was closed approximately 375 feet north of the northeast corner of appellee's lot by the erection of the embankment for the interstate highway. The evidence shows without dispute that this lot is located in a flat and low-lying area of

the City of Laurel. Appellee's house consisted of an area of about 1400 square feet and faced Beacon Street, with a garage on the rear opening onto Royal Street.

 ██ We omit detailing the evidence concerning the matter of drainage. We are of the opinion that the jury was justified in finding on conflicting evidence that appellee's lot was more subject to flooding during heavy rains than it was before the construction of the highway, and that at times the flooding would remain for a considerable period of time and leave debris on his lot and damage his flowers and shrubbery. Since the construction of the highway, appellee has sold his property for $22,500 and a service station has been constructed on the lot.

 ██ Appellee testified that it would cost $941.40 to repair the damage done to the foundation of his house by flooding, and that it would cost $4036 to put his lawn and flower garden back as they were before the lot overflowed. Objection was made to this testimony. We pretermit consideration of whether this testimony was admissible, and merely comment that there was no factual basis given for these estimates by appellee. The testimony necessarily had very little probative value.

 ██ A former sheriff of Jones County testified that appellee's house was worth $30,000 before the highway construction and $20,000 thereafter. Objection was made to the admission of this testimony on the ground that the sheriff was not qualified to estimate the value of real estate. There was no showing that the witness was qualified to make appraisals of property, but this went more to the worth and weight of his testimony than to its admissibility.

Witness Frank Hall testified for appellee that he had been in the construction business aspect of work for the Masonite Corporation and has been a general and masonry contractor. He was of the opinion that the reason-

able cost of repairing the foundation of appellee's house was $941.00.

The only qualified realtor who testified in the case was Clarence Boone, who testified that he was familiar with the property and that the entire property was worth $10,000 before the construction of the highway and there was no diminution in value and was worth $10,000 upon completion of the construction. He could detect no water damage to the property after construction of the highway.

After carefully considering the evidence and the lack of it concerning the question of damages, we are of the opinion that there is no substantial testimony to justify a verdict for $4,000 in this case, and that the verdict evidences bias and prejudice on the part of the jury. We have reluctantly decided to affirm this case on condition that the appellee enter a remittitur of $1500. We do this on the basis of the fact that in the former case the jury returned a verdict of $2500. Therefore, two juries have said that the damages amount to as much as $2500. And while the evidence to support a verdict for that sum is not entirely satisfactory, we are of the opinion that a proper disposition of the case is to offer the appellee the option of accepting a verdict of $2500 or retrying the case on the issue of damages only. We are not here reducing the verdict, but merely giving the appellee an option as aforesaid. Bush Construction Company v. Walters, 250 Miss. 384, 164 So. 2d 900.

If appellee enters a remittitur of $1500 within ten (10) days from the date the judgment of this Court becomes final, the case will be affirmed for $2500; otherwise, it will be reversed and remanded for trial on the issue of damages only.

Affirmed on condition of remittitur.

*Ethridge, P. J., and Brady, Patterson and Inzer, JJ.,* concur.