TERRELL INVESTMENT COMPANY *v.* DUNN

No. 43584          June 14, 1965          176 So. 2d 291

590

*Allred & Adams,* Collins, for appellant.

*John K. Keyes, John D. Kervin,* Collins, for appellee.

Inzer, J.

Appellee, Mrs. Winston Dunn, filed this suit in the Circuit Court of Covington County, wherein she sought to recover damages resulting from an injury incurred while she was an invitee on the premises of the funeral home owned and operated by appellant, Terrell Investment Company, Inc.

Appellee charged in her declaration that her injury was the proximate result of appellant's negligence, in that appellant placed the furniture and chairs in the family room of its funeral home in such a manner that they were too close together and did not leave room to pass through the passageway between the chairs. She further charged that on August 8, 1962 she was an invitee on the premises for the purpose of attending the funeral of her brother, and that when she attempted to pass between the chairs, their closeness each to the other caus-

ed her to stumble, trip and fall. She charged that as a result of her fall she suffered serious, painful and permanent injury.

Appellant answered the declaration, denied that appellee was injured as a result of any negligence on its part, and affirmatively charged that it had complied with every duty it owed appellee and had not been guilty of any negligence that caused or contributed to her injury.

The case was tried at the May 1964 term of court, and the jury returned a verdict in favor of appellee, fixing her damages at $4,500. A judgment was entered accordingly, and from this judgment Terrell Investment Company appeals to this Court.

The facts in this case most favorable to appellee reveal that appellee was at the time in question a lady approximately 50 years of age, and on the date in question she went to the funeral home owned and operated by appellant for the purpose of attending the funeral of her brother, Scott Chain. She arrived at the funeral home about 11:30 a.m. to attend the funeral scheduled for 2:00 p.m.

The record discloses that the entrance to the funeral home faces west, and that the seats in the chapel face east. The casket of Mr. Chain was placed at the east end of the chapel, and to the left of the place where the casket was placed, is a room referred to in the record as the "family room." The purpose of this room is to provide a place for the family to sit together, separate and apart from the general public attending the funeral. This room is about 16 x 15 feet, and normally, when a funeral is not being conducted, it has a couch and three or four chairs therein. On the day in question, sometime between twelve and one o'clock in the afternoon, the employees of appellant rearranged the furniture in the family room so that several rows of folding chairs were placed therein. These rows were about 18 inches apart,

and provided a passageway for people to reach the chairs.

The proof shows that appellee had been injured in an automobile accident in 1949, and as a result thereof had a stiff right leg which she could not bend at the knee joint. Because of this stiff leg, she could not sit in one of the smaller folding chairs that were placed in the family room, and Mr. Billy King, an employee of appellant, at the request of Mrs. Hosey, a daughter of appellee, placed a larger chair at the end of the second or third row of chairs for appellee to sit in. This type chair is referred to in the testimony as an ''overstuffed chair.'' One of the folding chairs and one of the overstuffed chairs of the same types as those used were introduced in evidence, and they are now before this Court and have been examined by us. About five minutes before time for the funeral to begin, Mr. Terrell, manager of the funeral home, drew the curtain between the casket and the people seated in the chapel, for the purpose of giving the family an opportunity to have a last view of the remains before the casket was closed. Appellee, with the assistance of her daughter and someone else, went with the rest of the family to view the remains of her brother. She became upset, and when she returned to her seat she was assisted by her daughter and Billy King. When she arrived at the chair where she had previously been seated, and at a time when she was in front of the chair, Mr. King released her, and when she sat down her right foot caught under the rung of a folding chair in front of her. She said when that happened her leg ''popped like a rifle.'' She remarked to her daughter, who was holding her when she sat down, that she had broken her leg. She sat through the funeral, and then was carried to the hospital, where x-rays disclosed that the kneecap of her right leg had been broken. Her leg was placed in a cast, and she remained in the hospital for one week. She then returned home, and her leg remained in the

cast six weeks longer. It was still giving her some trouble at the time of the trial.

Appellant contends among other things that the trial court was in error in refusing to grant its motion for a directed verdict or peremptory instruction. We think this contention is well taken. Appellant owed the duty to appellee and others who were invitees on his premises of using ordinary reasonable care to keep its premises in such condition as to be reasonably safe for such persons. The declaration charged that the chairs were placed so close together that they caused appellee to trip, stumble and fall. The evidence shows that appellee did not trip, stumble or fall, and she now contends that her injury was caused by the negligence of Billy King in failing to carry out his duty to see that she was safely seated, after he had voluntarily assumed the duty of assisting her to her seat. We do not think this contention is well taken. Appellee testified that when Mr. King released her she was in front of her chair, and that her daughter at that time had hold on her arm. We do not think that the act of Mr. King in turning her loose at the time and place he did constitutes negligence. Especially is this true since proof on the part of appellee shows the chair in question was placed where it was at the direction of appellee's daughter, and that appellee had been seated in the chair prior to the time she arose to view the remains of her brother. Under these circumstances we do not think that the act of Mr. King constituted negligence. Furthermore, if such act had constituted negligence, appellee could not recover for such negligence under the state of the pleadings in this case. The record shows that appellant objected to the introduction of this evidence and other evidence on the the ground that there was no basis for this evidence charged in the declaration. The objections were overruled by the trial court. This action of the trial court was error. The proof should conform to the allegations

of the declaration, and appellee should not have been permitted to base her claim on one theory and then introduce evidence to recover a verdict based on an entirely different theory. State Highway Comm'n v. Jacobs, 248 Miss. 476, 160 So. 2d 201 (1964); State Highway Comm'n v. Rhymes, 248 Miss. 468, 160 So. 2d 197 (1964).

██ ██ Appellee also contends that the trial court properly submitted to the jury the question of whether the family room was overcrowded during the funeral service of her brother. We do not find anywhere in the declaration a charge that the room was overcrowded. The charge is that the chairs were placed too close to each other. The proof shows that appellee was aware of how the chairs were placed in the room prior to and at the time she was injured. The chairs were placed as they usually and customarily were placed during a funeral, and there is no showing that appellant could have reasonably foreseen that appellee or anyone else would sustain injury as a result of the way they were placed. We said in Paramount-Richards Theatres v. Price, 211 Miss. 879, 53 So. 2d 21 (1951), that:

> The owner of the premises is not required to anticipate an unusual and improbable result, such as the injury sustained by the plaintiff in this case. The owner is merely required to anticipate a result that is more apt to happen than not to happen, that is to say he must anticipate only such a result as is reasonably foreseeable as a probable consequence of his act. Gulf Refining Co. v. Williams, 183 Miss. 723, 185 So. 234; Louisiana Oil Corp. v. Davis, 172 Miss. 126, 158 So. 792. (211 Miss. at 887)

This statement is fully applicable to the facts in this case, and we do not think that appellant could have reasonably foreseen that appellee or anyone else would be injured, as a result of the way the chairs were placed, or the manner in which the family room was used. Wallace v. J. C. Penney Co., 236 Miss. 867, 109 So. 2d 876

(1959); Mauney v. Gulf Refining Co., 193 Miss. 421, 8 So. 2d 249 (1942).

Our sympathies are with this lady who sustained a severe injury, but we are constrained to apply the true test of liability, and when we do this, we must reverse this case and enter judgment here for appellant.

Reversed and judgment here for appellant.

*Ethridge, P. J., and Gillespie, Brady and Patterson, JJ.,* concur.