MISSISSIPPI STATE HIGHWAY COMMISSION *v.* JACOBS

No. 43822          February 28, 1966          183 So. 2d 498

*Pack & Ratcliff*, Laurel, for appellant.

*F. B. Collins*, Laurel, for appellee.

Inzer, J.

Appellee, John Jacobs, filed suit against appellant, Mississippi State Highway Commission, in the Circuit Court of Jones County seeking to recover damages alleged to have been sustained by him as the result of the relocation of U. S. Highway 11 through the City of Laurel. From a judgment in a former trial awarding appellee damages in the amount of $2,000, the Commission appealed to this Court. We reversed and remanded for a new trial because there was a variance between the pleadings and the proof as to damages. We held that appellee was entitled to recover at least nominal damage for the loss of access due to the closing of the north end of an alley that ran to the rear of appellee's

property and that the granting of a peremptory instruction was not error. Miss. State Highway Commission v. John Jacobs, 248 Miss. 476, 160 So. 2d 201 (1964).

After remand, the declaration was amended to charge other items of damage, including damage alleged to have resulted due to the diversion of water caused by the construction of an embankment of the new highway and the reconstruction of Royal Street to the south of appellee's property. It was alleged that the drainage had been changed so that appellee's property flooded every time there was a big rain. A new trial resulted in a jury verdict in favor of appellee in the sum of $8,000. Judgment was entered accordingly and the trial court overruled a motion for a new trial. The Mississippi State Highway Commission again appeals to this Court.

Appellant assigns several errors on the part of the trial court, but we are of the opinion that none justifies a reversal of this case except the fourth error assigned, which is, that the trial court was in error in overruling appellant's motion for a new trial because the verdict was grossly excessive and evidenced bias and prejudice on the part of the jury. This assignment is well taken.

The record reflects that the property then owned by appellee is Lot 10 of Block 11, Boulevard Addition to the City of Laurel. It is a lot 75 feet wide, facing Beacon Street on the west, and 167 feet long, abutting on an 18-foot alley at the rear of the property. This alley was closed at the point where it entered Jefferson Street, about 150 feet north of appellee's lot. When appellant relocated U. S. Highway 11, it built an embankment about 25 feet high at the point where the alley entered Jefferson Street. The proof shows that appellee purchased his property in 1936 and resided there until 1963, at which time he sold the property to Humble Oil Company for the sum of $20,000. The house in which appellee resided was a wooden frame building with brick pillars and a composition roof. It consisted of a living

room, dining room, three bedrooms, kitchen and one bath. There was 1059 feet of floor space in the house proper, and in addition, it had a screened porch at the front and another at the rear and an open side porch with concrete floor. At the rear of his lot, appellee had a garage apartment, with a gravel floor in the parking area, behind which was a storage room with a concrete floor extending the entire width of the building. Above the garage there was a small two bedroom apartment with kitchen, bath and one closet. The evidence shows that the lot was located in the flat, low-lying area of the city. This area slopes very gradually toward the south and because of its gradual slope, there is now and has been some problem relative to the drainage in this area.

We do not deem it necessary to detail all the evidence relative as the matter of damage due to drainage. The evidence on behalf of appellee was sufficient to show that appellee's lot was subject to more flooding due to heavy rains after the construction of Highway No. 11 and the reworking of Fulton Street than it was prior to that time. During heavy rains appellee's lot would be flooded, and the water would remain thereon for a considerable length of time. There was also some evidence as to damage resulting from vibration due to the driving of piling in the new highway and from dust while the embankment was being constructed.

Appellee estimated that the reasonable market value of his property prior to the relocation of the highway was $20,000 and that its value after the work had been done was $10,000; however, he had no knowledge of the market value of property in the community. The testimony of Mr. Morgan Holifield, former Sheriff of Jones County, was to this same effect. He estimated the before value at $20,000 and the after value at $10,000. We have heretofore commented on the lack of qualifications of this witness to make appraisals of property. See Miss.

State Highway Comm'n v. Rhymes, 253 Miss. 577, 176 So. 2d 326 (Miss. 1965).

Witness W. F. Easterling, who was a carpenter with many years of experience in his trade and also with experience in contracting, testified that it was his opinion that due to water standing on appellee's lot and ponding up under his house that it had caused the foundation of the house to deteriorate and settle. This resulted in damage to the roof and other parts of the house. He estimated the total cost of restoring the house and garage apartment to its former condition to be around $4,500; however, he did not attempt to give the cost of the specific items which he included in this total figure. He estimated the cost of the rebuilding of a suitable foundation under the house to be between $3,000 and $4,000. His testimony was objected to by appellant, but the trial court overruled the objection for the reason that the testimony was competent, not as forming a basis for the jury to determine from it the damage, but in determining the true before and after value as shown by other testimony. We think this testimony was competent. In Baker v. Miss. State Highway Comm'n, 204 Miss. 166, 180, 37 So. 2d 169, 172 (1948), which was also not a condemnation proceeding, we said:

> In all cases proof of the cost of remedying the situation to bring the property as near as may be to its former usable condition is competent — not as a separate, independent foundation for a verdict but only as bearing upon and as tending to establish the true value shown by the evidence adduced under one of the foregoing rules.

The testimony of Mr. Easterling was competent for this purpose, and the trial court was not in error in overruling the objection. However, the value of his testimony is materially reduced for the reason that he did not give specific proof as to the cost of the restoration that in his opinion was necessary.

The only qualified realtor who testified in this case was Mr. Clarence Boone, who testified on behalf of appellant. Mr. Boone testified that he was familiar with the property in 1957 when the work began, and he was familiar with the property values in this neighborhood, and that he had made a very careful and detailed examination of the property in 1963 after the highway had been completed. He said that he could detect no water damage to the foundation of the house or garage apartment. It was his opinion that the state of repair of the foundation and the house was due to its age and natural deterioration. He estimated that the fair market value of the entire property in 1957 was $8,500 and that after the completion of the construction work on the highway and the reconstruction of Fulton Street that the property still had a reasonable market value of $8,500. The other evidence on behalf of appellant was to the effect that there had been no change in the drainage situation that would or did cause appellee water damage.

■■ ■ We have carefully considered the evidence in this case relative to the question of damages and taken into consideration the qualifications of the witnesses who fixed the before and after values and the lack of definite information as to the cost of restoration, and we are of the opinion that there is no substantial testimony to justify a verdict for $8,000 in this case. The verdict of the jury clearly indicates that it did not respond to reason and evidences bias and prejudice. We have decided to do in this case, as we did in Miss. State Highway Comm'n v. Rhymes, *supra*, to affirm this case on the condition that the appellee enter a remittitur of $4,500. We do this in spite of the fact that the evidence is not entirely satisfactory to support a judgment for $3,500. We are of the opinion that this affords a proper method of disposing of this case. We are not reducing the verdict but are merely offering the appellee an option of accepting the remittitur or retrying the case on the question of damages only.

If the appellee enters the remittitur of $4,500 within ten days from the date that the judgment of this Court becomes final, the case will be affirmed for $3,500; otherwise, it will be reversed and remanded for trial on the issue of damages only.

Affirmed on condition of remittitur.

*Ethridge, C. J., and Rodgers, Jones and Robertson, JJ., concur.*