ETHRIDGE, Chief Justice.
This is an eminent domain proceeding, brought in the Circuit Court of Pearl River County by the Mississippi State Highway Commission, appellant, against T. S. Burge and wife, defendants-appellees. The landowners received a jury verdict and judgment in the sum of $3,000. They own 6.51 acres of land fronting on the north side upon Poplar Street. The land which is being condemned is only .02 acre, a small tract 25 by 37 feet. There are no improvements located on it. This small parcel will be used in relocating the end of Poplar Street, which will be closed at a point just east of the Burge property. The Burges thus will have continued access to a street on the north side of their property, but will have to travel over 800 additional feet in order to reach Highway 11 to the east.
The right-of-way of relocated Highway 43 does not touch the Burge property to the south. It will have a fill or embankment ranging from 27 to 30 feet in height, which will be used for an overpass across the railroad to the east of the Burge land. This fill or embankment will be about 105 feet north of the Burge property.
An appraiser for the Highway Department stated that the before-taking value of the Burge property was $23,500, after-taking, $23,400, with damages of $100. Burge estimated the before-taking value at $25,000, after-taking, $19;000, with damages of $6,000. An appraiser for defendant estimated the before-taking value at $21,500, after-taking, $17,000, with damages of $4,500.
Nevertheless, compensable damages to the Burges are relatively small. The Commission is taking only .02 acre, being a tract 25 by 37 feet, with an oak tree located on it. With the access road in front of their property, appellees still have reasonable access to the general system of streets and roads in the community, and thus cannot claim damages in that respect. Mississippi State Highway Comm’n v. Irby, 190 So.2d 445 (Miss.1966); Puyper v. Pure Oil Company, 215 Miss. 121, 60 So.2d 569 (1952).
Further, the trial court erred in overruling appellant’s objections to evidence offered by appellees concerning the fill or embankment. It is to be constructed on land upon which appellees’ property does not abut. The fill will be approximately 105 feet from their property. Moreover, this is not a claim of damages from flooding caused by an embankment near a landowner’s tract. See Mississippi State Highway Comm’n v. Rhymes, 253 Miss. 577, 176 So.2d 326 (1965). Since the fill does not abut the Burge property, appellees have no compensable claim resulting from its existence. Collins v. Miss. State Highway *916 Comm’n, 233 Miss. 474, 102 So.2d 678 (1958).
In short, the verdict of the jury is unsupported by competent evidence and is grossly excessive. The only issue in this case is the amount of damages suffered by the landowners. If appellees enter a remittitur of $2,000 within ten days from the date the judgment of this Court becomes final, the judgment of the circuit court will be affirmed for $1,000; otherwise, it will be reversed and remanded for trial on the issue of damages only.
Affirmed on condition of specified remit-titur ; otherwise, reversed and remanded for new trial.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.