ETHRIDGE, Chief Justice.
The Mississippi State Highway Commission, appellant, filed this eminent domain proceeding in the Circuit Court of Pearl River County against Leo Smith and others, and after trial, a judgment was entered on the jury verdict in favor of ap-pellees in the sum of $2,500. The Commission appeals.
There was no error in the trial court overruling appellant’s motion to exclude the testimony of Leo Smith, the landowner, and Carle Cooper, an appraiser for the landowners. The inconsistencies in Smith’s testimony were for evaluation by the jury, as was the alleged bias of Cooper in testifying as to his appraisal. Appellant is in no position to complain of the admission of testimony as to the fill or embankment to be located on new Highway 43, since appellant offered evidence about the fill on direct examination of its own witnesses. However, for reasons to be stated later, the existence of the fill was not an appropriate item of damages to the landowners.
Smith owns a lot fronting for 105 feet on its north side upon Poplar Street in the City of Picayune, with a depth of 210 feet. On it is situated a house of 1,000 square feet, and to the rear a smaller house of 336 feet. The lot contains one-half of an acre; the Commission is taking off the north side .07 of an acre, thus leaving .43 acre. The strip off the north side of Smith’s property is 105 feet in length, and 28.5 feet on the west side and 53.6 feet on the east side. This is about one-half of the landowner’s front yard.
The land taken will be used to relocate Poplar Street, which will be closed at a point west of the Smith property. The relocated Poplar, Street, upon the strip taken and other land to the west, will provide continued access down Poplar Street to other streets. North of Poplar Street will be Highway 43, which it this point will be a two-lane highway.
The right-of-way of new Highway 43 does not use any of the Smith property to the south. In short, none of the property taken will lie within the right-of-way lines of Highway 43. The strip taken will be within the right-of-way of the relocated *706 Poplar Street, and the right-of-way of Highway 43 will touch the northeast corner of the Smith property taken.
Relocated Highway 43 will have a fill or embankment of about twenty-two feet in height as an approach for an overpass across the railroad to the west. However, the fill or embankment cannot properly be considered in determining any special damages to Smith, since the strip taken is to be used for relocation of Poplar Street, not for the right-of-way of Highway 43. Mississippi State Highway Com’n v. Burge, 239 So.2d 914 (Miss., Oct. 5, 1970); Mississippi State Highway Com’n v. Colonial Inn, Inc., 246 Miss. 422, 149 So.2d 851 (1963); Collins v. Mississippi State Highway Com’n, 233 Miss. 474, 102 So.2d 678 (1958).
On the other hand, where the land taken and used for a highway contains a fill or embankment, its existence may be a proper subject for consideration of special damages. Mississippi State Highway Com’n v. Jones, 242 Miss. 35, 134 So.2d 155 (1961); Mississippi State Highway Com’n v. Brooks, 239 Miss. 308, 123 So.2d 423 (1960).
J. W. Morgan, an appraiser for the Highway Commission, testified that the before-taking value of the tract was $6,200, after-taking value, $5,900, with damages of $300. On the other hand, Leo Smith gave a before-taking value of $8,000, after-taking, $4,000, with $4,000 damages. Carle Cooper, an appraiser, gave a before-taking value of $6,800, after-taking, $4,000, damages, $2,800. In the light of all of the evidence, we cannot say that the award of $2,500 is grossly excessive. The Commission is taking a strip across the north side of the Smith tract 105 feet in length and in depth 28.5 feet on the west side and 53.6 feet on the east side. This is a substantial portion of a small residential tract, at least one-half of appellant’s front yard. Under all of the circumstances, and in view of the relative substantiality of the taking, the verdict of $2500 is reasonable.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.