ANDERSON, Justice,
for the court:
This is an appeal from an order of the Circuit Court of Tate County granting a permanent injunction to the plaintiffs, Hale and Hale Lumber Company (hereinafter Hale), whereby the defendant, the Mississippi State Highway Commission (hereinafter Commission), was enjoined from constructing traffic control islands on its right-of-way near the plaintiff’s property. We find the trial court in error in granting the injunction and reverse.
The controversy concerned two adjacent parcels of land abutting U.S. Highway 51 south of Senatobia. In the early 1930’s the Commission created U.S. Highway 51, which passed through Tate County. As part of the process the Commission acquired by two warranty deeds from the owners, Mary E. Nunn, Mr. and Mrs. E.F. Hale, and others, various tracts of property abutting the highway. The deeds were signed on December 2, and November 30, 1935, respectively. The deeds conveyed to the Commission the right to construct a highway along certain tracts of a previously existing road. Consideration was given for both deeds. Such tracts now are owned by Hale in which certain portions are leased to Hale Lumber Company.
Pursuant to the terms of the deeds and the rights conveyed, the Commission proceeded to widen and improve the road, and to make other improvements on the shoulders and other unpaved portions of the *624 right-of-way. At the time of the conveyance, as well as today, the subject property was used for commercial purposes. Part of the compensation was for removal of a store building to a position off the right-of-way. The business has prospered in the intervening years, and the successors in title to the grantors of the subject property operate a successful construction and supply firm. The two commercial buildings presently located on the site were built in 1981 and 1986, with knowledge of the location of the right-of-way line. The buildings on the front portion of the properties abut the highway right-of-way, and the public right-of-way is utilized for customer parking.
Subsequently, the Commission commenced a project known as WPH 141, also referred to as “3-R” — restoration, resurfacing, and rehabilitating. In conformity with the guidelines promulgated and required by the Federal Highway Administration for public convenience and safety, a single traffic island was proposed to prevent traffic from taking short cuts across the right-of-way onto the county road which intersects Highway 51 on the north side of the Hale property, and which would extend down along the frontage of the property to limit the owner’s driveway. Due to objections by Hale, an alternate plan was made in order to treat the two tracts as separate entities whereby a shorter curb would regulate traffic turning onto the side road and a small island would regulate the driveways. Thus, one parcel would have a thirty (30) foot driveway and the other a thirty-three (33) foot driveway. Due to the exercise of its police power and ownership of the subject property, the Commission offered no compensation to Hale.
On December 16, 1986, without the knowledge of the Commission, a hearing was held in the Circuit Court of Tate County at the request of Hale. At that time a Temporary Restraining Order was entered enjoining the Commission from proceeding with the proposed construction. At a subsequent hearing on February 19, 1987, a permanent injunction was granted. The Commission’s cross-complaint for an injunction enjoining Hale’s illegal use of the public right-of-way for parking was denied. Subsequently, Hale was awarded attorney fees.
The trial judge made the following findings:
1. That E.F. Hale, Jr., was the owner and Hale Lumber Company was the lessee of the subject property located and situated in Tate County, Mississippi.
2. That E.F. Hale, Jr. and Hale Lumber Company had full uninterrupted access to the subject property for more than fifty years from U.S. Highway 51.
3. That Hale’s access rights were a compensable right and defendant’s, Mississippi State Highway Commission, proposed a plan of limiting plaintiff’s access amounted to taking of said property without due compensation.
4. That the Highway Commission proposed to construct concrete piers and/or islands in front of plaintiff’s place of business.
5. That the Highway Commission’s decision to place said concrete structures as proposed was arbitrary, capricious and inconsistent with the placement of other structures along said U.S. Highway 51.
6. That the said concrete structures would obstruct ingress and egress by large transport trucks creating a safety hazard for those trucks entering and exiting the business.
7. That based on the pleadings, evidence and argument of counsel, the plaintiffs were being deprived of property rights without compensation by an agency of the State of Mississippi, under color of law, in violation of the rights assessed plaintiffs by Section 42 U.S.C., Section 1983. Further, the court found upon said determination that plaintiffs were the prevailing party and were entitled to legal fees and costs in the sum of $1,848.30, pursuant to 42 U.S.C. Section 1988.
The court, therefore, ordered that the plaintiffs, Hale and Hale Lumber Co., be granted a permanent injunction against the *625 defendant, Commission, that the Commission was permanently enjoined from proceeding any further with construction or taking any further action on the right-of-way that adjoined or abutted the subject property, and that the plaintiff Hale be awarded legal fees and expenses. Consequently, the Federal Highway Administration withdrew the funds for the project in the amount of $114,450 for failure to complete the project according to approved plans.
DISCUSSION OF THE LAW
The Commission contends that the court erred in granting the temporary restraining order and the permanent injunction.
Under Chapter 47, Section 8, General Laws of Mississippi 1930, which was in effect at the time the subject property was conveyed in 1935, the Commission was given the power to make rules regulating traffic upon and entering state highways, including the regulation and restriction of private driveways. Such authority remains effective as provided in Mississippi Code Annotated, Section 65-1-47 (1972).
This Court has recognized that the Commission has the power to make reasonable regulations. Mississippi State Highway Commission v. Spencer, 101 So.2d 499, 502 (Miss.1958).
As the problem of regulating motor vehicle traffic on the highways has become more and more complex, new standards of design for highway construction have been adopted by the highway authorities to reduce the hazards of travel and expedite the flow of traffic. Rules and regulations, therefore, have been adopted by highway authorities in cities and towns and are recognized as a valid exercise of the police power. Muse v. Mississippi State Highway Commission, 233 Miss. 694, 103 So.2d 839, 847 (1958).
In the instant case, both the Federal Highway Administration and the Mississippi State Highway Commission determined that public safety demanded that traffic be prohibited from entering Highway 51 from any random angle. At trial the Commission’s engineer testified without dispute that the planned curbs were legitimate parts of an approved project implemented fairly and impartially. This Court has stated that:
The use of highways and streets may be limited, controlled, and regulated by the public authority in the exercise of the police power whenever and to the extent necessary to provide for and promote the safety, peace, health, morals and general welfare of the people, and is subject to such reasonable and impartial regulations adopted pursuant to this power as are calculated to secure to the general public the largest practical benefit from the enjoyment of the easement, and to provide for their safety while using it.* * * ... This power is an exercise of the police power of the state to protect the highways, and promote the safety, peace, health, morals, and general welfare of the public.
Harreld v. Mississippi State Highway Commission, 103 So.2d 852, 859 (Miss.1958) (citing 25 AmJur., Highways, Section 253, p. 544; 40 C.J.S., Highways, Section 232, p. 241).
The court, therefore, erred in granting the permanent injunction.
Appellee Hale contends that in the alternative the Commission’s use of the right-of-way amounts to a taking and just compensation is due. The Commission, however, owned the right-of-way by the conveyances in 1935 in which it was authorized to do so under Chapter 47, Section 8, 1930 General Laws, p. 68, which provides, in pertinent part, that:
... the State Highway Commission ... is hereby granted full and complete authority for making all contracts, ... and securing rights-of-way therefor of any and all such highways....
The Commission, therefore, proposed to make authorized improvements to its own property.
Even though the Hale business had used the right-of-way for customer parking for more than 50 years, we submit that such use was permissive in that the Hales at all times possessed knowledge of the Commis *626 sion's interest in the right-of-way. Such permissive use does not give rise to any rights whatsoever. This Court has held when previously enjoyed use of a public right-of-way was revoked that:
The fact that appellees continued using the driveway to Highway 49 without a permit, which use for a time was “winked at” and not restricted by the department, implies nothing more than a permissive way, which could in no way ripen into a right of access. Permissive use of such driveway across Highway Department property would be subject to termination by the Highway Department without additional compensation under the police power.
Blackwell v. Mississippi State Highway Commission, 350 So.2d 1325 (Miss.1977).
The owner of abutting land has no absolute right, as against the public, to insist that the adjacent highway always remain available for his use in the same manner and to the same extent as when it was constructed.
Muse, supra, at 847.
The finding is not altered by the fact that the Hales paved the right-of-way for the purposes of customer parking. This Court has held that:
When a property owner improves property fronting on a highway he takes a calculated risk that the authorities may find it necessary in improving the highway systems to build new facilities that will divert the traffic from passing in front of his property; and in such cases the property owner is not entitled to damages as long as access to the existing highway remains unimpaired and unrestricted. (Emphasis added).
Morris v. Mississippi State Highway Commission, 240 Miss. 783, 129 So.2d 367, 369 (1961).
In the instant case, under the proposed plan, each parcel of the Hale property would have a driveway connecting it with Highway 51, and access to the county road running to the north of the property would be virtually unchanged. Even though the Hales would have difficulty in reaching a parking lot which sits on one of the plats of the subject property, they can reach it from Highway 51 “by going all the way around and coming back in.” In Mississippi State Highway Commission v. Vaughey, 358 So. 2d 1307 (Miss.1978), this Court restated its decision in Burge which involved a street closing just east of the appellee’s property. The appellee had continued access to a street on the north side of their property by traveling over 800 additional feet to reach the highway. The Court there stated that:
With the access road in front of their property, appellees still have reasonable access to the general system of streets and roads in the community, and thus cannot claim damages in that respect.
Vaughey, supra, at 1309 (citing Mississippi State Highway Commission v. Burge, 239 So.2d 914, 915 (Miss.1970).
The Commission’s proposed plan, therefore, is not a taking in that the Hales are not deprived of access to Highway 51; thus, they are not due just compensation.
The Court finds that the trial judge abused his discretion in ruling that the Commission acted arbitrarily and capriciously. The proposed construction was approved by the Federal Highway Department and various options were offered to the Hale property owners. The Commission must be given the freedom to operate under its authorized police power. As stated in Erwin v. Mississippi State Highway Commission, 213 Miss. 885, 58 So.2d 52, 56 (1956):
Courts will interfere and review the exercise of the discretion of those to whom the power of eminent domain has been delegated by the legislative enactment only in exceptional cases.
That is, the Commission must have abused its discretion in the proposed construction plans. The facts here lack such a showing. We hold that the trial court was in error in granting a permanent injunction against the Commission in constructing traffic control islands or its own right-of-way near the Hale property. The ruling of the circuit court, therefore, is reversed.
REVERSED AND RENDERED.
*627 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.