554 So.2d 873 (1989)
CITY OF GULFPORT, Mississippi, a Municipal Corporation
v.
Wray W. ANDERSON.
No. 07-58431.
Supreme Court of Mississippi.
September 27, 1989.
James K. Wetzel and Wendy Allard, James K. Wetzel, P.A., Gulfport, for appellant.
G.E. Estes, Jr., Estes & Estes, Gulfport, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and PITTMAN, JJ.
ROBERTSON, Justice, for the Court:

I.
In this inverse condemnation action landowner claims the city's alteration of a main thoroughfare has reduced the value of his property. A major part of landowner's perceived loss is the city's withdrawal of his permissive use of a part of its right-of-way, and the pinch the landowner feels because his store building fronts on the right-of-way line.
Because landowner's valuation evidence, the Circuit Court's instructions, and ultimately the jury's verdict took no account of landowner's imprudence in the location of his store building on his lot, we reverse and remand for a new trial.

II.

A.
In 1963 Wray W. Anderson purchased what was then a grocery store on the southeast corner of the intersection of *874 Courthouse Road and Railroad Street in the Mississippi City community in Harrison County. In 1966 he moved the family hardware business from downtown Gulfport to this property. In 1968 Gulfport annexed the area. Anderson and his family operated Anderson Hardware there until some time in 1987 when the business closed. At the time of the purchase, and up until 1985, the street facing the store's front, Courthouse Road, was of the same leveled grade as the "parking lot" of the store. But this parking lot did not belong to Anderson. For years customers stopped off the busy street and parked directly in front of the building, even though this area was a city owned right of way. Built years before Anderson purchased it, the building's west-facing front rested right on the western edge of the property contiguous to the east boundary of the City's street right-of-way. The building overhangs into the airspace above the city's right-of-way.
Courthouse Road runs north and south, and in March of 1984, Gulfport developed a plan to widen it from 31 to 44 feet. Funded in part with federal money, the project was completed in December of 1985. The L & N Railroad's east-west tracks lie north of the Courthouse Road-Railroad Street intersection. Because of federal guidelines (in particular, visibility requirements for railroad crossings), the City raised and graduated the grade of Courthouse Road, so that at the Anderson property's northwest corner, the road was 2.2 feet above the property's grade, receding gradually to about one foot above the southwestern edge of the Anderson property. More significantly, the City of Gulfport installed a concrete curb that wraps around the northwest corner of the Anderson property. This curb has reduced access to the property to a twenty foot cut, about half of which is on the Anderson property, on the southwestern edge of the property, and the back of the property, its northeastern edge. The twenty foot curb cut allows a car to enter a driveway between the curb and the front of the building, a space which is sufficiently narrow to make navigating a car tight. A fireplug further obstructs vehicular movement.
Prior to the construction, drainage from the property was provided by a grill in the northwest corner of the property, but most water simply flowed south along the roadway into the Gulf of Mexico. As part of the construction Gulfport installed a catch basin and drain pipe on the property, a system which Anderson claims is inadequate to prevent flooding.

B.
Anderson brought this inverse condemnation action in the Circuit Court of Harrison County on September 23, 1985, naming the City of Gulfport as defendant. Anderson sought damages as a result of the road widening, see Miss. Const. Art. 3, § 17 (1890), and expenses, Miss. Code Ann. § 43-37-9 (1972).
A jury trial commenced on the 18th of September, 1986. The Circuit Court denied Gulfport's motion for a directed verdict, after which the jury viewed the premises, and returned a verdict for Anderson in the amount of $45,000.00. The Court thereafter denied Gulfport's motion for j.n.o.v. and new trial. In a separate hearing on September 26, 1986, the Circuit Court awarded Anderson $13,782.58 in expenses under Section 43-37-9. The total judgment, $58,782.58, included interest at the rate of 8 percent per annum after September 22, 1986, for the damage award, and October 8, 1986, for the expenses portion.

III.
The City of Gulfport has taken title to not so much as an inch of Anderson's property. Today's claim is predicated upon damage qua loss of value Anderson's property is said to have suffered by reason of the City's alterations to its roadway.
Not all governmental actions that adversely affect value require compensation. The police power authorizes a certain level of petty larceny, one familiar example being the power to zone. Even in its exercise of the power of eminent domain, the state is not required to make good all losses. See Jones, Just Compensation Via Fair Market Value May Not Include the Kitchen *875 Sink  It Could Be Noncompensable, 46 Miss.L.J. 1, 8-17 (1975). Governmental authorities are generally empowered to promote the general welfare via reasonable regulations of streets and roadways without payment of compensation. Harreld v. Mississippi State Highway Commission, 234 Miss. 1, 19, 103 So.2d 852, 859 (1958). This includes such acts as diversion of traffic by construction of a new highway and installing a median strip. Mississippi State Highway Commission v. Hurst, 349 So.2d 545, 546 (Miss. 1977).
We look to law and not logic to find which "takings" are compensable. Property is a function of law, not of value, nor of sentiment nor illusion, and our question is whether there be a rule of the positive law precluding Gulfport's interference with the value of Anderson's property and thus conferring a right to compensation. One such rule is that a change of grade in a roadway which adversely affects the value of adjacent property requires compensation. An actual physical invasion of landowner's property is not required. This view is a function of our constitution which requires due compensation where property is "taken or damaged for public use." Miss. Const. Art. 3, § 17 (1890) (emphasis supplied). Parker v. State Highway Commission, 173 Miss. 213, 219-20, 162 So. 162, 163 (1935); City of Vicksburg v. Herman, 72 Miss. 211, 214-15, 16 So. 434, 434 (1894). A common example is where a change in road grade casts increased quantities of waters upon landowner's property. See, e.g., City of Water Valley v. Poteete, 203 Miss. 382, 33 So.2d 794, 795-96 (1948).
Persons owning property abutting streets such as Courthouse Road enjoy a right of reasonable access. That access has been altered does not necessarily require compensation. Only where  and to the extent that  alteration of access diminishes the value of the property is the owner entitled to compensation. See, e.g., State Highway Commission of Mississippi v. McDonald's Corporation, 509 So.2d 856, 861 (Miss. 1987); Trustees of Wade Baptist Church v. Mississippi State Highway Commission, 469 So.2d 1241, 1244-45 (Miss. 1985); Mississippi State Highway Commission v. Ray, 215 So.2d 569, 571 (Miss. 1968). We have rules that matters such as parking and increased difficulty in maneuvering automobiles may likewise be considered to the extent of their adverse effect on value. Crocker v. Mississippi State Highway Commission, 534 So.2d 549, 552 (Miss. 1988); State Highway Commission of Mississippi v. Havard, 508 So.2d 1099, 1102-03 (Miss. 1987).
Loss of frontage that "moves" buildings and facilities closer to a roadway may adversely affect value and we find among our laws rules requiring compensation. State Highway Commission of Mississippi v. Havard, 508 So.2d 1099, 1100-01 (Miss. 1987). That loss is legally illusory where, as here, there has been no taking, only a reclaiming of a right-of-way landowner has theretofore enjoyed at the City's sufferance and where the landowner has boxed himself in by the manner in which he has constructed or purchased the improvements on his property. Compensation is due only to the extent the damage is caused by governmental action as distinguished from landowner or purchaser imprudence. When Anderson purchased the property in 1963, the building, which was then a grocery store, was built right up to and fronted upon the edge of the City's eastern right-of-way. Anderson converted the property into a hardware store and operated his business there until the time of trial. As noted, the building has an overhang which invades air space above the City's right-of-way. This is landowner imprudence.
That Anderson enjoyed use of the City's right-of-way for lo these many years avails him nothing.[1]Mississippi State Highway *876 Commission v. Hale, 531 So.2d 623, 625-26 (Miss. 1988); State Highway Comm. of Mississippi v. McDonald's Corporation, 509 So.2d 856, 861 (Miss. 1987); Mississippi State Highway Commission v. Blackwell, 350 So.2d 1325, 1327 (Miss. 1977). So long as, after the governmental action at issue, there remains access which would be reasonable if the property had been reasonably improved, no compensation is due.
Our problem is that Anderson  indeed, much of the trial  proceeded without reference to these principles. Anderson's proof attacked the matter of damage quite variously. Roger Poulos offered an opinion that the property had been damaged some $32,000.00. Anderson testified his loss was $65,000.00. In their "before" values neither Poulos nor Anderson took account of the imprudent placement of the building on the lot.
Brax Batson, a civil engineer, said removing the building, filling the land and then replacing the building would cost $180,000.00, while removing the front part of the building and adding it to the rear would cost $48,000.00. Jack Ballard offered a reconstruction cost of $58,459.00. The jury was never told of a lot and building imprudently placed on the front property line  and not governmental action  which was the source of these costs.
Against this backdrop we approach the City of Gulfport's appeal which at its core charges that the evidence is insufficient to establish any damage to Anderson's property, in consequence of which the City demands judgment. At the very least the City urges that the verdict is wholly unresponsive to and greatly in excess of that suggested by the evidence. On this latter point we quite agree.
From a review of the record before us, it appears quite possible the value of Anderson's property is somewhat less than it was before the improvements to Courthouse Road. It is similarly apparent that the property has far less value than Anderson has long thought, and the reason for this is that his hardware store building fronts right on the property line. To a large extent the parking and access problems of which Anderson complains would not exist if the building had been set back from the property lines a reasonable distance, as would certainly be required if the improvements were built today. Moreover, Anderson owns property to the south of the building which is accessible from Courthouse Road and which, if improved, would afford reasonable parking. In fact, Anderson could well have long ago converted this property into a parking area. He is in no position to complain, as he chose instead to use the City's right-of-way for parking, an area he is charged in law with knowing the City could withdraw at any moment. Mississippi State Highway Commission v. Hale, 531 So.2d at 625-26; cf. State Highway Commission of Mississippi v. McDonald's Corporation, 509 So.2d at 861-62.
Because the instructions upon which this case was submitted to the jury fail to embody these principles, we must reverse. As we cannot determine with reasonable certainty whether Anderson's property has suffered a loss of value and, if so, the extent to which that loss is attributable to governmental action, we must remand for a new trial.
None of this signals a retreat from our familiar attitude of deference to jury awards in condemnation cases, see, e.g., State Highway Commission of Mississippi v. Hayes, 541 So.2d 1023, 1025 (Miss. 1989), nor a lessening of our respect for the insights the jury may gain from viewing the property, e.g., State Highway Commission of Mississippi v. Warren, 530 So.2d 704, 707 (Miss. 1988); State Highway Commission of Mississippi v. Havard, 508 So.2d 1099, 1105 (Miss. 1987). Our utterances on those occasions are far more than mere exhortations or platitudes and ought be *877 enforced, save only where doing so would contravene settled law and procure compensation far above that legally due. See, e.g., Mississippi State Highway Commission v. Hale, 531 So.2d 623 (Miss. 1988); State Highway Commission of Mississippi v. McDonald's Corporation, 509 So.2d 856 (Miss. 1987).

IV.
One of the issues tendered by the City of Gulfport on appeal concerns the correctness of Instruction No. P-2 which reads as follows:
One of the rights of a property owner whose land faces on a street or road is to have the street or road maintained at its "established grade." The established grade for Courthouse Road, in this case, was the level of the street at the Anderson Hardware building as it existed prior to the construction of the City's project to widen Courthouse road. If you find from a preponderance of the evidence that the grade of the street opposite Plaintiff's property was raised and that Plaintiff's property was damaged as a result of such change of grade you will find for the Plaintiff.
The instruction seems reasonably consistent with our case law. See Baker v. Mississippi State Highway Commission, 204 Miss. 166, 177, 37 So.2d 169, 171 (1948); City of Kosciusko v. Jenkins, 164 Miss. 235, 239-40, 144 So. 467, 467-68 (1932). Particularly when viewed together with the other instructions[2] submitted to the jury, the City's complaint that the instruction is in effect a peremptory instruction is not of sufficient potency to produce reversible error. The first sentence in the instruction, however, is potentially misleading and ought be deleted at retrial.
The matter of whether and when the landowner may testify as to the value of his property is well settled in a long line of cases. See, e.g., State Highway Commission of Mississippi v. Warren, 530 So.2d *878 704, 706 (Miss. 1988); Mississippi State Highway Commission v. Franklin County Timber Co., 488 So.2d 782, 786 (Miss. 1986); Mississippi State Highway Commission v. Strong, 240 Miss. 756, 763-64, 129 So.2d 349, 351 (1961).
Costs and fees are not recoverable in eminent domain cases as a matter of constitutional right, State Highway Commission of Mississippi v. Hayes, 541 So.2d 1023, 1026 (Miss. 1989), but are a matter of legislative grace. City of Laurel v. Powers, 366 So.2d 1079, 1084 (Miss. 1979) holds that Miss. Code Ann. § 43-37-9 (1972) authorizes a landowner's recovery of costs in an inverse condemnation action.
There are numerous other issues tendered by the City of Gulfport, and two more tendered by Anderson by way of cross-appeal. We find each of these issues either mooted by what has been said above, or adequately addressed in our law to date. Accordingly, we do not address them.
REVERSED AND REMANDED
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Anderson's argument is reminiscent of Holmes' familiar justification for the law of adverse possession.

It is in the nature's of man's mind. A thing which you have enjoyed and used as your own for a long time, whether property or an opinion, takes root in your being and cannot be torn away without your resenting the act and trying to defend yourself, however you came by it.
Holmes, The Path of the Law, 10 Harv.L.Rev. 457, 477 (1897). The positive law of this state decrees that neither the state nor its municipal subdivisions may lose title to land via adverse possession, limitations or laches. Miss. Const. Art. 4, § 104 (1890); Gibson v. State Land Commissioner, 374 So.2d 212, 216-17 (Miss. 1979); Alexander v. Mayor & Board of Aldermen of City of Natchez, 219 Miss. 78, 94, 68 So.2d 434, 441 (1953).
[2] In addition to the instruction challenged today the jury heard, at the request of Gulfport, the following:

D-7: The court instructs the jury that even though your verdict may be for the Plaintiff against the Defendant, you are not authorized to find for the Plaintiff in any amount beyond reasonable compensation for damages, if any, which the Plaintiff established by a preponderance of the evidence were a direct proximate result of any taking or damaging of the property in question, if any. You are not authorized to award any damages in the nature of a penalty or for attorneys' fees, but must, if you find for the Plaintiff, confine your verdict for reasonable compensation for those damages, if any, actually sustained by the Plaintiff in this case as established by a preponderance of the testimony.
D-8: The Court instructs the jury that when a property owner, such as Plaintiff herein, improves property fronting on a highway, he takes a calculated risk that the authorities may find it necessary in improving the highway system to build new facilities for traffic flow, and, in such cases, the property owner is not entitled to damages so long as access to the existing highway remains unimpaired and unrestricted.
D-9: The Court instructs the jury that if the jury finds from a preponderance of the evidence that the Plaintiff's property has been damaged, if any, the measure of damages is the difference between the fair market value of the property before, as compared to such value after the work was completed. The Court instructs the jury that fair market value is the price the Anderson Hardware property would bring if offered for sale in the open market by an owner, who desired to sell it, but was under no necessity or compulsion to do so, and when purchased by a buyer who desired to buy it, was under no necessity or compulsion to do so  each having knowledge of the material facts concerning the property in question.
D-10: The Court instructs the jury that to determine the measure of damages in an inverse condemnation proceeding such as this, you must consider fair market values. For this purpose, the definition of fair market value is the price the land would bring if it were offered for sale by one who desires to sell it, but is not obligated to sell it, and if the land were bought by one who was under no necessity of buying it, each having knowledge of the material facts concerning the property.
To determine the proper measure of damages, subtract the fair market value of the land remaining after the damaging, from the fair market value of the whole tract immediately before the damaging.
In arriving at such value, if any, you may only award such amount of damages which has been proven to you by a preponderance of the evidence in this case, if any.
D-11: The Court instructs the jury that in arriving at your verdict, you shall not consider any elements of inconvenience or other elements which are speculative and remote.