574 So.2d 8 (1990)
Andrew M. GILICH, Jr.
v.
MISSISSIPPI STATE HIGHWAY COMMISSION.
No. 07-CC-59064.
Supreme Court of Mississippi.
December 19, 1990.
*9 James K. Wetzel, Wendy L. Allard, James K. Wetzel, P.A., Gulfport, for appellant.
W. Eugene Henry, Biloxi, for appellee.
Before DAN M. LEE, P.J., and PRATHER and PITTMAN, JJ.
*10 PRATHER, Justice, for the court:
In this inverse condemnation action Andrew M. Gilich claims that the Mississippi State Highway Commission's construction of the I-110 Loop extending over the Gulf of Mexico constituted a non-trespassory taking of his property. The Circuit Court of the Second Judicial District of Harrison County granted summary judgment in favor of the Highway Commission. Gilich appeals the grant of summary judgment raising as material issues (1) that the construction of the I-110 Loop constituted a taking of the sand beach area of his property and riparian rights south of Highway 90 and (2) that the construction damaged his property north of Highway 90 by blocking the view of the Gulf of Mexico from the property, thereby decreasing its value.
This Court affirms in part and reverses in part.

I. FACTS
The Mississippi State Highway Commission built a project known as the I-110 Loop, which runs south from the Interstate 10 east and west corridor and loops over the sand beach adjacent to the Gulf of Mexico and intersects Highway 90 near the Buena Vista Hotel in Biloxi.
Gilich brought this inverse condemnation action and alleged in his complaint that the construction of the I-110 Loop constituted a taking of the sand beach area on his property south of Highway 90 in Biloxi; that his concomitant riparian and littoral rights were taken and damaged by the construction; that his remaining property located north of Highway 90 was damaged by the construction of the I-110 Loop in that his property is no longer beach front property; and that the view of the beach from the property has been obstructed. The Highway Commission, given an easement across the property by Gilich's predecessors in title, stated in its answer that Gilich failed to state a cause of action and raised several affirmative defenses.
Following discovery, the Highway Commission filed a motion for summary judgment alleging that there were no disputed facts in the matter and that it was entitled to a judgment as a matter of law. The Highway Commission based its motion on the contention that Gilich was not the owner of the property located south of Highway 90 and that he does not possess riparian or littoral rights to the property. The Highway Commission offered in support of its motion Gilich's warranty deed which described the property conveyed to Gilich as follows:
Lot 21, Gulf View Addition to the City of Biloxi, in accord with the official map or plat thereof on file and of record in the office of the Chancery Clerk of Harrison County, Miss., Second Judicial District, and said property being further described as having a frontage on the North line of U.S. Highway 90 of 82 feet, more or less, and running back North a distance of 285 feet, more or less, and being bounded on the North by now or formerly Parker, East by now or formerly Rosalis, South by U.S. Highway 90, and West by Seal Avenue, and its being the intention of the grantors to convey all property owned by grantors at said location, whether correctly described herein or not. (emphasis added).
Without granting any warranty, the deed by which Gilich acquired title to the property in question conveyed riparian rights, if any, which might be appurtenant to the southern boundary between the east and west lines to Gilich. However, predecessors of Gilich gave a right-of-way easement to the State Highway Commission on October 19, 1953, to all of the southern portion of Gilich's described land "which lies south of the north edge of sidewalk along the north side of West Beach Boulevard or Front Street (Highway 90), and north of the seawall now under construction ..."
On the other hand, Gilich exhibited the plat of Lot 21, Gulf View Addition filed September 15, 1900, which indeed did show that the subdivision owners did claim land to the Gulf of Mexico. The Circuit Court found that although the prior owners of the land in question did own southward of Lot 21 to the Gulf of Mexico, Gilich failed to show ownership of the simple title to the area lying south of Lot 21. Further, the *11 trial court held that since Gilich failed to show title to the property south of Highway 90, the property allegedly taken, he cannot claim diminution of value as damage to the remainder of the property north of Highway 90.
On February 9, 1988, the Circuit Court sustained the Highway Commission's motion for summary judgment and dismissed Gilich's complaint.
From this decision of the trial court Gilich appealed.

II. WAS SUMMARY JUDGMENT APPROPRIATE?
The basis upon which Gilich's suit is premised is in the state and federal constitutions. Amendment V of the U.S. Constitution guarantees that private property shall not be taken for public use without just compensation. The Mississippi Constitution, Art. 3, § 17, provides broader protection of private property rights by the guarantee that "[p]rivate property shall not be taken or damaged for public use, except on due compensation ..." With this underlying premise, this Court addresses the summary judgment procedure in the trial court.
Review of the trial court's decision requires application of Rule 56 of the Mississippi Rules of Civil Procedure, regarding summary judgment. The rule simply states that summary judgment should be granted only where the pleadings, discovery materials and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Miss.R.Civ.P. 56, Galloway v. Travelers Ins. Co., 515 So.2d 678, 682 (Miss. 1987).[1]
This Court reviews the grant of summary judgment by a trial court de novo. Short v. Columbus Rubber and Gasket Co., 535 So.2d 61, 65 (Miss. 1988). This Court views the evidentiary matters as if it were a trial court to determine if summary judgment was proper. Careful consideration is given to all evidentiary matters in the light most favorable to the nonmoving party. If in this view, there is no issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is entered in his favor. Otherwise the motion is denied. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983).
This Court now considers from the evidentiary matters whether the trial court properly sustained the motion for summary judgment against Gilich.

A. Property South Of Highway 90
The resolution of the first issue turns on the construction of the deed conveying Gilich's interest in the property. It is a well settled rule of construction that a deed must be construed as a whole without separating it into its formal parts, and that the intent of the parties be gathered from the language employed. Manson v. Magee, 534 So.2d 545, 548 (Miss. 1988) The intent of the parties must be ascertained from the "four corners" of the instrument and construction is limited to the "four corners" of the instrument unless intent is ambiguous or unascertainable. Pursue Energy Corp. v. Perkins, 558 So.2d 349, 353 (Miss. 1990); Sanford v. Jackson Mall Shopping Center, 516 So.2d 227, 230 (Miss. 1987).
Gilich alleges that he owns the sand beach lying south of Highway 90 running to the Gulf of Mexico and that previous deeds to the property and deeds to neighboring properties support his position that the intent of the deed was for his property to extend to the Gulf of Mexico. He also cites Duane v. Saltaformaggio, 455 So.2d 753 (Miss. 1984) to argue that descriptive information in the plat is to be considered to determine the intent of the deed. These arguments, however, ignore the rule that intent must be construed first from the four corners of the document when it is clear and unambiguous.
*12 The deed is clear and unambiguous in describing Gilich's property. It clearly describes the southern boundary of his property to be the northern line of Highway 90. It does not include the sand beach portion extending to the Gulf of Mexico upon which the I-110 Loop is built and which Gilich alleges is taken. Descriptions in the original plat and other deeds are not considered as evidence of intent, as intent is discerned from the four corners of the deed. These are considered only if the description in the deed is ambiguous and unclear. To look to these descriptions or other outside evidence makes the deed, when clear and unambiguous, of no value.
From the reading of the deed, Gilich's property does not include the sand beach south of Highway 90. Without record title to the property, there exists no genuine issue of material fact as to whether the Highway Commission took Gilich's property or damaged the concomitant riparian and littoral rights. As to property south of Highway 90, the trial court properly sustained the motion for summary judgment.

B. Property North of Highway 90
Gilich alleges that his property abutting Highway 90 was damaged by the construction of I-110 Loop that connects highway 90 with I-10; that his access to his property has been affected; that his property is no longer beachfront property as the view of the beach and the Gulf of Mexico is blocked by the elevated I-110 Loop and that the value of his property has been diminished by an estimated $28,000.00. The trial court sustained the motion for summary judgment on this issue under the reasoning that if Gilich did not own the property south of Highway 90 or any rights physically taken by the Highway Commission, then damage or diminution of value to the adjacent property lying north of Highway 90, upon which there was no physical invasion, is not compensable.
The Mississippi Constitution provides that private property shall not be taken or damaged for public use except upon due compensation to its owner. Miss. Const. Art. 3, § 17. Focusing on this language, an actual taking or physical invasion of the property is not the only basis for compensation. Damage to adjacent private property caused by public use is also compensable. Property is damaged when it is made less valuable. Personal inconvenience, discomfort, or interference with use is not compensable unless it results in the depreciation of value. Even then compensation is not definite, but these factors are evidence of conditions which adversely affect the value of the land. 4A P. Nichols, Eminent Domain § 14.01[1] (rev. 3d ed. 1971). Additionally, this Court has held that not all governmental actions adversely affecting value require compensation. City of Gulfport v. Anderson, 554 So.2d 873, 874 (Miss. 1989).
This Court recognizes that persons owning property abutting streets have a right to reasonable access to their property from the street and that altering the access to property from the street may damage the property. The property owner is basically given an easement in the street. Where alteration of access diminishes the value of property the owner is entitled to compensation. City of Gulfport v. Anderson, 554 So.2d at 875; Trustees of Wade Baptist Church v. Mississippi State Highway Commission, 469 So.2d 1241, 1244 (Miss. 1985). Such compensation is commonly termed consequential damages.
Access, light, air, and view are often spoken of together and the general impression is that light, air, and view are appendages of access. Stoebuck, Nontrespassory Takings in Eminent Domain, 1977. In Collins v. Mississippi State Highway Commission, 233 Miss. 474, 102 So.2d 678 (1958), this Court, using similar reasoning, created a property right in light, air, and view in a property owner whose property actually abutted a street or highway. This Court specifically stated:
In 18 Am.Jur., Eminent Domain, Section 183, p. 814, it is said: "Streets are established to afford light and air, as well as access, to the property through which they pass, and the right to access, light, and air is appurtenant to the property adjacent to the street, and is a part *13 and parcel of it." In Section 184, at p. 815 thereof, it is said: "The right to the use and possession of a lot abutting on a public street is property. The right to light and air and access is equally property. Whenever the enjoyment by the abutter of some right in reference to his property is interfered with, and thereby the property itself is made intrinsically less valuable, he has suffered a damage for which he is entitled to compensation." In Section 185, at p. 816 thereof, it is said that "many cases have recognized the right to recover damages for interference with an abutting owner's easements of light, air, and view over a public highway."
Collins, 102 So.2d at 680. Just as in City of Gulfport and Trustees of Wade Baptist, the landowner was given what amounts to an easement in the street. The easement across streets runs only to property abutting the street and is limited to the view over the street and not over neighboring property.
We do not here explore the logic of judicially created easements in air, light, and view across streets and highways, but apply it only for the purpose of determining whether summary judgment was appropriate in this case.
Gilich's property abuts Highway 90 giving him an easement of access, light, air and view across the highway. Gilich alleges that he lost his view of the Gulf of Mexico across Highway 90 as a result of the construction of the elevated I-110 Loop and this loss substantially diminished the fair market value of his property in the amount of $28,000.00. Under the present pleadings, there exists a material issue of fact as to whether Gilich is entitled to consequential damages or whether the Highway Commission is entitled to a judgment as a matter of law. This fact issue precludes the granting of summary judgment as to the property north of Highway 90.
THE GRANT OF SUMMARY JUDGMENT AS TO TAKING THE PROPERTY SOUTH OF HIGHWAY 90 IS AFFIRMED; THE GRANT OF SUMMARY JUDGMENT AS TO DAMAGING OF THE PROPERTY NORTH OF HIGHWAY 90 IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
ANDERSON and BLASS, JJ., not participating.
NOTES
[1] The construction and enforcement of the provisions of Rule 56 have been addressed in a line of cases beginning with Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983), and continuing through Pursue Energy Corp. v. Perkins, 558 So.2d 349 (Miss. 1990), (footnote 7 provides an extensive list of the cases).