OPINION AFTER REMAND
SOUTHWICK, P.J., for the Court:
¶ 1. The plaintiff sought damages for personal injuries allegedly caused by the defendant. The circuit court found that the defendant had properly been served but had failed to answer. A default judgment was therefore entered. We find no error and affirm.
FACTS
¶ 2. Bond filed a complaint against Brown for personal injuries resulting from an alleged assault and battery. Bond claimed that Brown had struck him in his left cheek with a glass bottle, causing him physical injury, lost wages, and pain and suffering. The means of service was dis *348 puted. Deputy Sheriff Lester Blackmore testified that he personally served Brown. Brown and the cousin with whom he lived, Glenda Brown, denied such service. The cousin testified that she accepted the summons and misplaced it without giving it to Brown.
¶ 3. Brown did not file an answer. Bond made a motion for an entry of default, and the clerk complied. M.R.C.P. 55. Bond’s motion also sought a hearing so that a default judgment might be entered. Brown was given notice of the hearing by mail. Brown appeared without an attorney and attempted to demonstrate good cause for not responding to the original complaint. The main issue of dispute was whether Brown had received proper service of the summons and complaint. The trial judge found that Brown had been properly served and refused to set aside the entry of default. After an evidentiary hearing, the court awarded Bond $12,500 in damages.
¶4. Brown then hired an attorney and appealed. On May 2, 2000, we remanded the case so that the trial court could make clear findings of fact on the means by which service was effected. After the remand, the trial court found that the defendant Brown had been personally given the summons and complaint by the deputy sheriff.
DISCUSSION

I. Service of Process

¶ 5. The first issue raised by Brown on appeal to this Court is that service of process was improper and, thus, jurisdiction was not established. Three different versions appear in the testimony.
¶ 6. In the first version, Deputy Sheriff Lester Blackmore testified that he knew Brown and personally served him with a copy of the summons and complaint. Blackmore completed the return of service form. He testified that had he not personally served Brown he would not have completed the return in that fashion. The record contains a copy of the summons which discloses the proper address, the deputy’s signature, and that it was personally served on Brown on May 9, 1998.
¶ 7. Another version is from the defendant. He testified that he was not personally served. He stated that on May 9, 1998 he did not live at the address noted on the summons but instead lived across the street.
¶ 8. The final explanation came from Glenda Brown. She stated that she was Brown’s cousin, “but I raised him as a mother.” She disputed Brown’s statement that he lived across the street and testified that they both were residing at the address printed on the summons. However, Chris Brown was not at the house at the time the summons and complaint were delivered. Moreover, it was Deputy Sheriff Donnie Johnston and not Deputy Sheriff Blackmore who came to the house. Johnston gave the summons to her, not to the defendant, Chris Brown. At the time of delivery she was preparing for a move to another house and laid the summons and complaint on a box. She did not know what had happened to them later, but she knew that she had not given them to Brown.
¶ 9. The relevant procedural rule for serving an individual is the following:
(A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under subpara-graph (1)(A) of this subdivision cannot be made with reasonable diligence by leaving a copy of the summons and complaint at the defendant’s usual place of abode with the defendant’s spouse or some other person of the defendant’s family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the *349 summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.
M.R.C.P. 4(d)(1).
¶ 10. Therefore, if service is not made personally upon the defendant or an agent specifically authorized for service of process, it can be left with a member of the defendant’s family over the age of sixteen, a description that applies to Glenda Brown. However, if service is made upon a relative, then the summons and complaint must also be mailed to the defendant at the same address. The supreme court has found that mailed notice is a prerequisite to the completion of this form of service. Williams v. Kilgore, 618 So.2d 51, 56 (Miss.1992). No such mailed notice ever occurred.
¶ 11. What the trial judge considered the relevant legal principles at the original hearing and before our remand is revealed by the exchange between the judge and the plaintiff Bond’s attorney:
MR. CHAZE: Pursuant to Rule 4, I believe either way he’s been served if he served a person that’s a full-time resident of the same household, is my understanding of Rule 4. But frankly I would stand behind the deputy of Stone County. He testified under oath that he served the gentleman.
But from either perspective, with respect to Rule 4, I believe it specifically says that if you serve somebody that’s a resident of the household that’s also good service of process.
THE COURT: I believe you’re correct, that when the service is had upon an adult resident of the household in the absence of the named defendant it’s still good service of process. The fact that service was left somewhere else or lost or what have you, that’s not the plaintiffs fault.
MR. CHAZE: I would also add, Your Honor, I must say there’s no sense in making anecdotal observations, but it would be unusual for such an important paper to have been served on a woman who’s acting as Mr. Brown’s mother and surmise from that or deduce from that she never gave it to him.
But once again, I stand behind the Stone County Sheriffs department and its integrity. That’s my primary contention here. But even taking the perspective of Mr. Brown, he’s still been served. And it simply comports with Rule 4 and 2 as opposed to simply one.
THE COURT: Okay.
¶ 12. It is evident that the judge considered leaving the summons with the defendant’s adult relative to be sufficient regardless of whether Brown himself ,was served. Never does the court indicate, though, what he found factually to have occurred. The first of the two just-quoted statements by the judge is just legal analysis. That last statement, the word “okay,” is not a fact-finding either. Since the court held as a matter of law that proper service had occurred, the most that can be said about what the court revealed on the record is that he believed one means of effective service was by leaving the documents with another adult in the same household. The dissent interprets what we have called merely the trial judge’s legal analysis, instead to be an implied finding of fact regarding the method by which service was effected. With respect, we believe the statement is equally supportive of the implication that the court found it did not matter who was telling the truth between the deputy sheriff and Glenda Brown, since either version in his view would sustain personal jurisdiction.
¶ 13. We therefore remanded to the trial court so that he could reveal not just what he found to be the legal principles, but what he found to be the factual reality of service. The court made a fact-finding that he accepted as truthful the deputy sheriffs testimony that he knew the defendant and had given him a copy of the summons and complaint.
*350 ¶ 14. The trial judge had the opportunity to observe the demeanor of the parties at the hearing and reached his decision from that perspective. We affirm his finding that jurisdiction existed.
¶ 15. We note briefly that the remand to the trial court for supplemental findings is expressly permitted by court rule. M.R.A.P. 14(b). Moreover, even though the trial judge initially ruled on the basis of an understanding of alternative procedures with which we have disagreed, we may uphold the lower court on a different legal basis than the one on which he relied. Patel v. Telerent Leasing Corp., 574 So.2d 8, 6 (Miss.1990). Here, we actually are affirming because one of the two initial bases was a proper one, and the trial judge has made findings sufficient to support it.

II. Abuse of discretion for entering default judgment

¶ 16. Brown next argues that the trial court abused its discretion in entering its judgment of default, given that Brown appeared for the hearing. However, the default judgment procedural rule expressly recognizes that judgment may be entered even when the defendant attends the hearing. M.R.C.P. 55(b). If the defendant has appeared in the action though not timely filed an answer, resulting in the entry of default by the court clerk, the defendant must be given at least three days notice of the hearing that will consider the application for entering a default judgment. Id. No argument is raised here that there was improper notice.
¶ 17. “The mere appearance by a defending party will not keep him from being in default for failure to plead or otherwise defend, but if he appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default.” M.R.C.P. 55 cmt. Thus we look at what Brown argued at the hearing, i.e., how did he indicate a desire to contest the action? Brown principally discussed why he did not answer. He contended that his default was unintentional, that he did not receive service of process, and that he did not know about the complaint against him. As already reviewed, the trial court found credible Deputy Black-more’s testimony that he personally served Brown with process and the testimony of Brown and Glenda Brown not to be believable. Brown’s focus on a good faith reason for not having answered was properly found to be inadequate.
¶ 18. The court may choose to set aside an entry of default by the clerk “for good cause shown.” M.R.C.P. 55(c). We find no abuse of discretion in the trial judge proceeding to entering judgment, as no good cause appears for giving relief from the entry of default.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF STONE COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., BRIDGES, LEE, MOORE, AND THOMAS, JJ„ CONCUR.
KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING AND PAYNE, JJ.
MYERS, J„ NOT PARTICIPATING.