M. Beacham TAYLOR, Plaintiff,

v.

COUNTY OF COPIAH, Board of Supervisors, Tony Smith, George Page, Individually and In Their Official Capacities of the Board of Supervisors, and Copiah County Land Surveyor, Defendants.

Civil Action No. 3:92–cv–523WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 30, 1994.

M. Beacham Taylor, Georgetown, MS, Pro Se.

James W. Henley, Henley, Lotterhos & Henley, Hazlehurst, MS, Ross E. Henley, Henley, Lotterhos & Henley, Jackson, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the defendants for summary judgment pursuant to Rule 56(b),[1] Federal Rules of Civil Procedure.

In his complaint, plaintiff M. Beacham Taylor[2] (hereinafter "Taylor") alleges several claims of constitutional dimension: that defendants unconstitutionally took real property from him without benefit of due process and that these takings were occasioned on account of plaintiff's race, which is black. Defendants oppose all of plaintiff's claims on the merits and pursuant to their motion for summary judgment contend that all of plaintiff's claims are barred by the applicable statute of limitations.

Having examined the motion, the response, exhibits, supporting memoranda of the parties, and having heard the oral argument of the parties, the court finds that the defendants' motion for summary judgment is well taken and should be granted for the reasons which follow.

### I. Parties and Jurisdiction

Plaintiff M. Beacham Taylor is a black adult resident citizen of Copiah County, Mississippi, who owns an interest in certain real property located in Copiah County. The defendant, Copiah County, (sometimes "the County") is a political subdivision of the State of Mississippi. The defendant, Tony Smith, is a member of the Board of Supervisors of Copiah County, Mississippi, and the defendant, George Page, is a retired surveyor who was the County Surveyor for Copiah County from January 1982 until he resigned on or about June 1991. Plaintiff has sued the individual defendants in their official capacities, as well as individually.

Inasmuch as Taylor claims that he was deprived of his rights under the Fifth[3] and Fourteenth Amendments[4] of the United

---

1. Rule 56(b) of the Federal Rules of Civil Procedure provides:

   (b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

2. Plaintiff brings this action pro se. Unpersuaded that plaintiff fully understood the thrust of defendants' motion, the court sua sponte advised plaintiff of his possible need for legal counsel. The court then gave plaintiff ample time to consult and/or hire an attorney and reset oral argu-

ments on defendants' motion. When next he appeared before the court, plaintiff stated that he had been unable to hire an attorney and wished to proceed pro se.

3. The Fifth Amendment to the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation."

4. The Fourteenth Amendment to the United States Constitution provides as follows:

   All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the

States Constitution, and under 42 U.S.C. § 1983,[5] this court has jurisdiction over this cause of action pursuant to federal question and civil rights jurisdiction, 28 U.S.C. §§ 1331,[6] 1343 [7] (1988).

## II. *Findings of Fact*

Plaintiff claims an ownership interest in approximately 200 acres of real property located in Township 10 North, Range 10 East, Section 14 of Copiah County, Mississippi. Said property lies within Tony Smith's county supervisor district. Plaintiff claims to own a portion of said property solely and the remainder jointly with his uncle, Louis Taylor.

Said property extends westward approximately ¾ of a mile from the east section line of Section 14. State Highway 27 runs north-south and passes through the property. A smaller gravel roadway runs across plaintiff's property in an east-west direction and crosses Highway 27. The smaller gravel roadway is the basis of plaintiff's complaint.

Plaintiff contends that the portion of the gravel road which lies *east* of Highway 27, Berry Lane, is a private road and has been unconstitutionally "taken" by Tony Smith and the County as a public road. Plaintiff contends that the County took the roadway from him through its activity in working the roadway.

Like many roadways in the county road system, the road crossing the Taylor property has never been taken by Copiah County through condemnation proceedings. However-

er, said roadway has been considered by the Board of Supervisors to be a public road by prescriptive easement for many years. It is undisputed that the roadway has been continuously maintained by Copiah County with County-owned equipment and at County expense since at least the mid–1980s. The maintenance work done by Copiah County includes grading, working the ditches, adding gravel when needed, and cutting grass on the shoulder of the road.

The court finds that plaintiff had or should have had knowledge that the County was working and maintaining Berry Lane as a public road by the mid–1980s for several reasons. First, the roadway is being and has been used by people living on Berry Lane and others, including mail carriers, school buses, for garbage pick-up, and for access to the Pearl River. Currently, located past the Taylor property are at least three separate residences for which Berry Lane is the sole means of ingress and egress from their property. Several other persons have lived along and used said roadway in past years.

Next, there is the undisputed proof of County maintenance over the years. In 1979, Copiah County, as well as a large portion of Central Mississippi, underwent a disastrous flood. Copiah County received disaster relief funds for the purpose of repairing County roads and bridges damaged by the 1979 flood. Berry Lane, although not named Berry Lane at the time, was one of the roads which was declared eligible to receive funds for repair of roads. The road

---

State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**5.** Title 42 U.S.C. § 1983 provides in pertinent part as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

suit in equity, or other proper proceeding for redress.

**6.** Title 28 U.S.C. § 1331 provides:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**7.** Title 28 U.S.C. § 1343 provides in pertinent part:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: ... (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; ...

was repaired with the use of said Federal funds during 1980, during Tony Smith's term in officer as Supervisor.

Plaintiff also raised a claim through his discovery responses regarding the part of the roadway which lies *west* of Highway 27. This road is commonly known as Triplett Road. However, plaintiff does not dispute that Triplett Road is, in fact, a public road. Plaintiff's contention as to this Triplett Road is that he agreed to grant only an easement to the County for right-of-way purposes and that defendants Tony Smith and Copiah County improperly changed the easement conveyance to be a fee simple transfer of the property.

In August of 1981, plaintiff agreed to give the County a right-of-easement to an additional eight feet on the south side of Triplett Road and executed a Warranty Deed for this purpose. Said Warranty Deed is recorded in the Office of the Chancery Clerk of Copiah County, Mississippi, in Book 10K at Page 617. A copy of said instrument is attached to plaintiff's deposition as Exhibit "4."

Defendants Tony Smith and Copiah County do not claim that the County owns anything other than an easement for right-of-way purposes to said eight foot strip of land. There is no evidence that defendants improperly changed or modified the Warranty Deed. Nonetheless, said Warranty Deed may be ambiguous.

Plaintiff also has alleged that his property has been damaged by road maintenance work performed by the County employees. This claim applies to both Berry Lane and Triplett Road. Plaintiff has complained that the County's road maintenance work has damaged him by widening Berry Lane, by ditching said roadway, by filling in a cattle gap in a way that caused a small portion of plaintiff's land to flood, by bushhogging small trees within eight to ten feet of the roadway, and by knocking down fence posts.

Plaintiff claims that the road east of Highway 27 was widened from 14 feet in 1982 to 29 feet in 1985 and to 32 feet in 1989 or 1990. Plaintiff states that the ditching was done and the cattle gap was filled in by 1985.

Further, says plaintiff, the fence posts were allegedly knocked down by 1982.

Plaintiff also has alleged that defendants Tony Smith and Copiah County discriminated against him because of his race. The acts which plaintiff contends are discriminatory are the alleged taking of plaintiff's land for the roadway east of Highway 27 and the failure of plaintiff to receive garbage pick-up services.

Copiah County entered into a contract with Waste Management of Mississippi, Inc., on February 29, 1988, to provide mailbox collection of household garbage for all residents of the unincorporated areas of Copiah County. Plaintiff has never attempted to contact Waste Management to request their services and has never told Tony Smith about his problem.

The record shows that plaintiff's sole reason for believing that the acts of Tony Smith were motivated by discrimination is based upon his contention that he requested the County to quit working the roadway, and Tony Smith did not do so.

Plaintiff has sued George Page individually and in his official capacity as Copiah County Land Surveyor. Plaintiff alleges that defendant George Page "conducted a false survey, drew up an unlawful plat, presented it to an attorney who prepared false deeds, had them filed in the Copiah County Courthouse in Deed Book 11 L, Page 196, after a clandestine transformation for the benefit of other private person(s)." Copies of the deed and plat which are the basis of plaintiff's claim are attached to plaintiff's deposition as Exhibits "5" and "6," respectively.

Said deed conveys approximately 1.5 acres from Melvin and Wanda McClendon to John and Wanda Berry ("the Berrys"). The deed to the Berrys was executed on October 24, 1986, and attaches a plat or drawing of the 1.5 acres, which plat was prepared by George Page on or about April 21, 1984. The description contained in the deed also was prepared by Page, along with the plat. Plaintiff was told by Page that the survey was performed for John Berry.

The property conveyed is part of an abandoned railroad right-of-way formerly owned

by New Orleans Great Northern Railway Company. The railroad right-of-way lies near the east line of Section 14 and is adjacent to plaintiff's other property. Plaintiff contends that he is the owner of the property described in the Berrys' deed by virtue of a deed to plaintiff's deceased father from New Orleans Great Northern Railway Company dated November 10, 1982, and recorded in Deed Book 10Q at Page 101. A copy of this deed is attached to plaintiff's deposition as Exhibit "7."

The Berrys' deed originated from a transfer by New Orleans Great Northern Railway Company to Wilbur and Patricia Johns in August, 1981. The Johns' property was foreclosed by Copiah Bank in September, 1985, and sold by Copiah Bank to the McClendons who then sold the 1.5 acres to the Berrys in October, 1986. At no time has either Copiah County or George Page owned or claimed to own any interest in this property.

Plaintiff's deed states that his south line is the "centerline of an existing roadway" and is a distance of 2,615 feet from the north line of Section 14. However, a close inspection of a map of Section 14 indicates that the roadway may be more than 2,615 feet south of the north line of Section 14. Taylor was told by the railroad company when his land was purchased that he might be acquiring an additional amount of land, but plaintiff has never had his land surveyed.

Taylor contends that part of the railroad right-of-way which was conveyed to him has now been conveyed to the Berrys and that the survey and plat of George Page was the cause of this transfer. The survey and plat were prepared by Page in April, 1984. The deed conveying the surveyed property was not prepared by Page, but by an attorney. Plaintiff admits that he has no knowledge that Page did anything other than survey the property and give the information to the attorney.

### III. *Conclusions of Law*

■ Because plaintiff's complaint alleges due process taking violations, equal protection violations, and discrimination in violation of the Fourteenth Amendment and federal statute, the controlling statute of limitations for each of plaintiff's claims is the Mississippi residual statute of limitations found in Miss. Code Ann. § 15–1–49. The statute of limitations provides that an action must be brought within three years of a cause of action accruing. *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Because the complaint was filed on August 31, 1992, any cause of action asserted by plaintiff must have accrued on or after August 31, 1989, or it is time-barred.

The undisputed facts show that each claim asserted by the plaintiff accrued before August 31, 1989, and is, therefore, barred by the applicable statute of limitations.

■ The maintenance work performed by Copiah County on Berry Lane in the mid–1980s did or should have put the plaintiff on notice that Copiah County was claiming Berry Lane as a public road. Therefore, the statute of limitations on plaintiff's claim for an unconstitutional taking by Copiah County began to run at that time.

■ Plaintiff's claim that the defendants unconstitutionally took a fee simple interest in eight feet of land joining Triplett Road instead of an easement as plaintiff intended to grant accrued, if at all, in August, 1981, when the Warranty Deed to Copiah County was executed by the plaintiff and filed in the Chancery Clerk's Office.

■ The unconstitutional taking allegedly caused by George Page's survey of 1.5 acres accrued, if at all, when the survey was conducted in April, 1984, or when the deed to the Berrys was filed in October, 1986.

With regard to the eight foot easement on the south side of Triplett Road, the court finds that it is undisputed that the plaintiff, by executing the Warranty Deed recorded in Book 10K, Page 617, of the land records in the Office of the Chancery Clerk of Copiah County, intended to grant and that Copiah County intended to receive only an eight foot right-of-way easement abutting the south side of Triplett Road.

There being no dispute between the parties as to the intent of the conveyance, the court finds that an order should be entered clarifying the Warranty Deed filed in Book

10K at Page 617 and stating that the estate conveyed by said instrument is that of a right-of-way easement only. Said order shall conform with Exhibit "A" attached hereto and incorporated herein.

With regard to the 1.5 acres surveyed by George Page, the court finds that there has been no taking of property by the County and that there has been no County action regarding said property. Therefore, plaintiff's claim of an unconstitutional taking is without merit.

■ Plaintiff's claim that County maintenance activities have damaged his property along Triplett Road and Berry Lane do not give rise to a constitutional taking claim, but should instead properly be asserted to a trespass action in state court. But to the extent any alleged damages caused by County maintenance work occurred prior to August 31, 1989, plaintiff's constitutional claims based upon said damages to plaintiff's property are barred by the statute of limitations.

Plaintiff has failed to allege facts sufficient to support a claim for an equal protection violation under the Fourteenth Amendment to the United States Constitution. Among other things, plaintiff has failed to attack any specific legislative or administrative scheme or state promulgated rules which are subject to judicial review.

■ Finally, plaintiff has failed to allege sufficient facts to support a claim of discrimination against any of the defendants. Plaintiff's claim that he has not received garbage pick-up services is without merit since this is not a life, liberty or property interest which is protected by the Fourteenth Amendment. Therefore, plaintiff's claims regarding garbage pick-up should be denied.

The pleadings, depositions, answers to interrogatories, and admissions, together with all properly filed affidavits, show that there is no genuine issue as to any material fact and that each of the defendants is entitled to a summary judgment as a matter of law as to all claims alleged by the plaintiff in this action. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## CONCLUSION

The court hereby grants summary judgment in favor of defendants and against M. Beacham Taylor. A separate judgment shall be entered in accordance with the local rules.

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

M. Beacham Taylor, Petitioner,

vs.

County of Copiah, Board of Supervisors, Tony Smith, George Page, Individually and in their Official Capacities of the Board of Supervisors and Copiah County Land Surveyor, Defendants.

No. J92–0523(W)(C)

*ORDER*

THIS DAY this matter comes before the Court in the above styled cause of action to determine the estate conveyed by that certain Warranty Deed executed by Maurice Beacham Taylor to Copiah County, Mississippi which Warranty Deed was filed of record with the office of the Chancery Clerk of Copiah County, Mississippi on August 21, 1981, and is recorded in Book 10 K at Page 617, a copy of said Warranty Deed being attached hereto as Exhibit "A" to this order and incorporated herein by reference and the Court having considered said matter finds as follows:

That said Warranty Deed does not convey a fee simple interest to Copiah County, Mississippi but instead conveys only a right of way and easement for road construction and maintenance purposes and for any other purposes stated in the Warranty Deed as to the property described therein.

That a copy of this order should be filed with the office of the Chancery Clerk of Copiah County, Mississippi in order to clarify any ambiguity which may exist with regard to said deed.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Warranty Deed recorded in Book 10 K at page 617 of the official land records maintained by the Chancery Clerk of Copiah County, Mississippi does not convey a fee simple interest in the property described therein to Copiah County, Mississippi but instead conveys to Copiah County, Mississippi a right of way and easement for road construction and maintenance purposes and for any other purposes stated in the Warranty Deed as to the property described therein.

THIS the 28th day of March, 1994.

/s/ Henry T. Wingate

U.S. District Judge

Henley, Lotterhos & Henley
1070 Deposit Guaranty Plaza
Post Office Box 389
Jackson, Mississippi 39205
601/948–5131

STATE OF MISSISSIPPI
COPIAH COUNTY
I, STEVE AMOS, Clerk of the Chancery Court of the above named County and State, do certify that the foregoing instrument is a true and correct copy of the original as appears in _____
Book No. _10-1K_ Page _617_
of the records of my office.
Witness my signature and seal of court this the _22_ day of _Nov_ 19_96_

STEVE AMOS Chancery Clerk
By _____

STATE OF MISSISSIPPI
COPIAH COUNTY · BOOK 10 K PAGE 617

TRIPLETT _____ ROAD
DISTRICT NO. __Two__
COPIAH COUNTY, MISSISSIPPI
PROJECT NO. _____

## WARRANTY DEED

In consideration of the sum of One Dollar ($1.00), cash paid, and other good and valuable considerations, receipt of which is hereby acknowledged, I/or we, the undersigned, hereby convey and warrant unto Copiah County, abutting the S. Side of Mississippi, a strip of land____8____feet in width, ~~known~~ _____ that certain road known as the _____ Triplett _____ Road as now located or to be located on, over and across abutting the Governor Taylor place Section __14__, Township __10N__, Range __10E__ Copiah County, Mississippi, together with all other rights of way and easements required for the construction of said road, all according to a plat or survey of said road being on file in the office of the Chancery Clerk of Copiah County, Mississippi, reference to the same being here made to aid in the description of the property hereby conveyed and for all other purposes.

Said additional right of way being outside the boundary of the present road.
As a part of the consideration of this conveyance the County shall furnish Grantor sufficient wire and staples to rebuild fence along the south side of the additional right of way. The length of said acquired right of way is approximately 1/4 mile.

It is further understood and agreed that the consideration herein named is in full payment and settlement of any and all claims or demands for damage accrued, accruing, or to accrue the grantors herein, their heirs, assigns, or legal representatives for or on account of the construction of the proposed highway, change of grade, water damage, and/or any other damage, right or claim whatsoever.

I and/or we, fully understand that I am entitled to be duly compensated for the property herein conveyed, but I and/or we have elected to donate the same for the County for the nominal consideration recited above.

It is further understood and agreed that this instrument constitutes the entire agreement between the grantor and the grantee, there being no oral agreements or representations of any kind.

Witness __my__ signature __the_____day of_____19_81_
Witnesses: