KING, C.J., for the Court.
¶ 1. James D. Hobson, Jr. and Joseph G. Strickland own property located at 400 Fairground Street in Vicksburg, Mississippi. On January 11, 2002, they filed suit against the City of Vicksburg in the Special Court of Eminent Domain of Warren County, seeking damages for the City’s failure to seek enforcement of the 1895 contract between the City and the Yazoo & Mississippi Valley Railroad Company (predecessor in interest to Kansas City Southern Railway) to maintain the Fairground Street bridge.
¶ 2. The Fairground Street bridge was closed by order of the mayor and board of aldermen of the City of Vicksburg on February 20, 1995, but had been physically barricaded in 1993.
¶ 3. After the City moved for summary judgment based on the three year statute of limitations, the Warren County court entered its order granting summary judgment on December 23, 2002, finding the statute of limitations applicable.
¶ 4. In their appeal, the appellants argue that the court erred in ruling that their claim was barred by the three-year statute of limitations.
FACTS
¶ 5. Hobson and Strickland purchased their property at 400 Fairground Street by deed dated January 9, 1986. Fairground Street is a platted and dedicated public street within the city limits of Vicksburg and is the only full access the appellants have to their property.
¶ 6. On May 23, 1895, the City entered into an agreement with the Yazoo & Mississippi Valley Railroad Company which permitted the railroad to lay down and construct tracks intersecting and crossing Fairground Street in exchange for the railroad erecting and maintaining an overhead iron bridge for vehicles and foot passengers. At some point the railroad company began to ignore and disregard its obligations to maintain the iron bridge. The bridge deteriorated to such an extent that the Warren County Board of Supervisors *1028 requested the City to close the iron bridge for safety reasons. On February 20, 1995, the mayor and board of aldermen passed an ordinance closing the bridge.
¶ 7. The overhead iron bridge is located to the west of the appellants’ property on Fairground Street. To the east of the property is an overhead railroad trestle which limits traffic coming from the east to passenger cars and prevents access by trucks, ambulances and emergency vehicles such as fire trucks, according to the appellants.
¶ 8. The appellants first sought to have the City enforce the agreement with the railroad but were unsuccessful. They then filed a third party complaint against the Kansas City Southern Railroad Company (successor in interest to the Yazoo & Mississippi Valley Railroad Company). On June 29, 2001, the circuit court entered its order granting summary judgment, finding that the requested writ of mandamus should be denied because the plaintiffs’ legal remedy was to file a complaint for eminent domain. This Court affirmed the judgment of the circuit court in Hobson v. City of Vicksburg, 848 So.2d 199 (Miss.Ct.App.2003). On January 11, 2002, the appellant filed the instant action against the City of Vicksburg in the Special Court of Eminent Domain of Warren County. The City filed its answer and affirmative defense that the claim was barred by the three year statute of limitations. The City moved for and was granted summary judgment.
DISCUSSION
¶ 9. The appellants argue that the action taken by the mayor and board of aldermen on February 20, 1995, did not put them on notice that the City really intended to close the street. The appellants argue that their cause of action against the City did not accrue until the City made a decision whether to enforce its contract with the Kansas City Southern Railway. As previously noted, this contract was the subject of a mandamus action by the appellants against the City and the railroad which was resolved in favor of the City. Id.
¶ 10. Under Mississippi law a landowner has a cause of action for eminent domain for restriction of access. The deprivation of the right to access creates an immediate cause of action. Simmons v. Mississippi Transportation Comm’n, 717 So.2d 300, 301(¶ 8) (Miss.1998); Gilich v. Mississippi State Highway Commission, 574 So.2d 8, 12 (Miss.1990).
¶ 11. Mississippi Code Annotated 15-1-49(1) (Rev.2003) provides a three year statute of limitations where no other period of limitations is prescribed. In this case the appellants’ alleged loss of access to their property occurred no later than February 10, 1995, and probably as early as 1993. The complaint was not filed until January 11, 2002. In Mississippi State Highway Commission v. Vaughey, 358 So.2d 1307 (Miss.1978), Vaughey filed suit claiming that his property was damaged due to the Highway Commission’s closing of a portion of the west frontage road between McDowell Road and Daniel Lake Boulevard in Jackson, Mississippi. The closing of the road was more than six years but less than ten years before Vau-ghey filed suit. The supreme court reversed and rendered the judgment in favor of Vaughey, holding that the suit was barred by the statute of limitations. The court held:
The action, if any, accrued at the very time of the closing of the segment of the road, no passage of time was necessary before suit might be brought, and the statute applicable began to run... .We cannot agree that the adverse possession statute governs, but we conclude that *1029 § 15-1-49 controls, and the action had become barred before it was begun.
Id. at 1308 (citations omitted). See also Taylor v. County of Copiah, 937 F.Supp. 573 (S.D.Miss.1994).
¶ 12. We find no support for the argument that the appellants’ cause of action does not accrue until the City makes a final decision regarding enforcement of the contract between the City and the railroad. We find that the court properly granted summary judgment based on the applicable statute of limitations and affirm.
¶ 13. THE JUDGMENT OF THE SPECIAL COURT OF EMINENT DOMAIN OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANTS.
BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.